## State Highway Commission v. Coleman.

(Decided December 9, 1930.)

E. C. O'REAR for appellant.

J. W. CAMMACK, Attorney General, and CLIFFORD SMITH, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is a proceeding under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 639a-12) to determine certain matters of controversy between the state highway commission and the auditor of public accounts. Three questions which will hereafter be stated and considered were submitted to the Franklin circuit court. The first was answered in the negative, and the remaining two in the affirmative. From an adverse decision on the first question the state highway commission appeals, and a cross-appeal by the auditor challenges the correctness of the rulings on the other questions.

At its 1928 session, the General Assembly changed the fiscal year of the state highway commission so as to begin April 1st in each year and end on March 31st in each succeeding year. Chapter 133, Acts 1928, p. 456.

1. The first question to be determined is whether ad valorem taxes based on the assessment of July 1, 1929, may be included by the state highway commission for contractual purposes in the estimated revenue for the biennial period beginning April 1, 1928, and ending March 31, 1930. It is insisted that this question must be answered in the affirmative for the reason that the 1928 levy made by the General Assembly was based on the assessments of July 1, 1928, and July 1, 1929; that it was made and appropriated for the last fiscal year of the succeeding biennial period; and that, being based on an assessment made during that period, it was due and in process of collection during that period. The reasons for the holding in Billeter & Wiley v. State Highway Commission, 203 Ky. 15, 261 S. W. 855, that the Legislature may authorize the state highway commission to contract against its revenues for two years and no longer are these: The Legislature meets biennially, fixes the tax rate, and makes appropriations for a period of two years. Experience has demonstrated that a special ses-

sion for the purpose of changing the tax rate is not to be anticipated. In the circumstances it is reasonably certain that the tax rate and appropriations based thereon will remain fixed during the two year period, and that the estimated revenue therefrom will be collected, and may therefore be regarded as constructively in the treasury. This is not true, however, for a longer period than two years. One Legislature cannot bind a succeeding Legislature. On the contrary, the succeeding Legislature not only has the power to change, but frequently changes, the tax rate theretofore in force, and appropriates the revenue therefrom to other purposes. Indeed, this is exactly what occurred at the 1930 session of the Legislature. A portion of the taxes that had been levied and appropriated for road purposes at the 1928 session of the Legislature was levied and appropriated to the Mammoth Cave Park. This illustrates the soundness of the two-year rule, for it is at once apparent that, if the state highway commission had been permitted to contract against the taxes raised by the 1930 levy, a large deficit would have resulted. It follows from what has been said that the soundness of appellant's position turns on whether the levy of 1928 was based on the assessments of July 1, 1927, and July 1, 1928, or the assessments of July 1, 1928, and July 1, 1929. No doubt attends the solution of this question. Under the plan now in force, the levy made by each General Assembly is based on the assessments immediately preceding and following its session. Hence, the levy of 1928 was based on the assessment of July 1, 1927, and the assessment of July 1, 1928. Being effective for only two years, it necessarily follows that it did not embrace the assessment of July 1, 1929. On the contrary, the 1930 levy was based on that assessment, and the taxes to be derived from that levy will constitute a part of the revenue for the succeeding biennial period. We therefore conclude that the circuit court ruled correctly in holding that the ad valorem taxes based on the assessment of July 1, 1929, could not be included for contractual purposes in the estimated revenue for the biennial period beginning April 1, 1928, and ending March 31, 1930.

2. In answer to the second question the circuit court held that after the close of one fiscal year the difference between the estimated receipts of the state highway commission and its actual receipts for that year should be charged or credited as the case may be on the budget

ledger of the auditor for the next fiscal year. While it is the duty of the state highway commission to conduct the business of the department on the basis of the revenue provided, and which it is reasonably certain will be received, in the very nature of things it is not always practicable or possible to have its expenditures correspond exactly with its estimated revenue. Where there is a surplus for one year, it will be available for use in the succeeding year.. On the other hand, any deficit in one year should be taken care of in the succeeding year. In the circumstances we agree with the circuit court as to the method of bookkeeping to be employed by the auditor.

3. It is the duty of the auditor to keep a budget ledger and at the beginning of each fiscal year to credit the budget ledger with the funds set apart and appropriated by the Budget Appropriation Act to each department of the state government. Section 1992a-22, Kentucky Statutes. The budget of the state highway commission is based on estimates of income required to be furnished by the state tax commission at the beginning of each fiscal year. Section 4356t-17-2, Kentucky Statutes. The required estimate was furnished by the state tax commission for the fiscal year beginning April 1, 1929, and ending March 31, 1930. Thereafter revised and increased estimates were furnished the state highway department. The state highway department then amended its budget and so advised the auditor. The question for decision is: Should the auditor of public accounts credit the state highway commission on his budget ledger with the increased estimates certified by the state tax commission? We concur in the conclusion reached by the circuit court. After the original estimate is furnished, it may appear that an error was made, or it may develop from actual receipts that the estimate was too low, and we perceive no reason why the state tax commission may not revise its estimate so as to conform to the facts, in which event the auditor should give effect to the revision so made.

Wherefore, the judgment is affirmed on both the original and cross appeals.