(Decided January 4th, 1898).

---

## THE SALISBURY PERMANENT BUILDING AND LOAN ASSOCIATION *vs.* THE COUNTY COMMISSIONERS OF WICOMICO COUNTY.

*Taxation—Building Association—Deduction of Mortgage Investments from Assessment of Shares of Stock—Amending Charter—Finality of Valuation of Shares of Stock by Tax Commissioner.*

The charter of the appellant, a building association organized under the general law, was afterwards amended and its powers enlarged by a special Act of Assembly.   Under *Code*, Art. 23, sec. 99, the shares of stock of building associations incorporated under the general law were exempt from taxation to the extent of their investments in mortgages on real or leasehold property, but this exemption did

not apply to corporations created by the special Acts. Part of the mortgages in which the funds of the appellant were invested were those authorized by *Code*, Art. 23, sec. 99, and another part were mortgages authorized by the special Act. The Tax Commissioner and the Board of Appeal assessed the shares of stock of the appellant for taxation, under *Code*, Art. 81, secs. 141, &c., but it did not appear specifically what mortgages of the appellant were deducted from the assessment, because exempt. Upon a bill to restrain the collection of the taxes so assessed, *Held*,

1st. That so far as the appellant's powers under the special Act are concerned, it is not a building association formed under the general law, and is not entitled to the exemption from taxation given to such building associations.

2nd. That the investments of the appellant in mortgages of the description mentioned in the general law are not taxable, and the amount represented by them in the stock of the corporation must be deducted from the assessed value of the stock, but that mortgages not of this character should not be deducted.

3rd. That in the absence of proof that the proper deduction was not made by the Tax Commissioner, the Court cannot assume that an error was committed.

Under *Code*, Art. 81, secs. 141, &c., providing for the valuation of the shares of stock of corporations for taxation by the Tax Commissioner and the review of his valuation by a Board of Appeal, the decision of the board is final on the question of valuation, and cannot be controlled by the Courts even if a mistake were made. But relief could be afforded, if the board should erroneously assess for taxation, property which is exempt by law.

Appeal from a decree of the Circuit Court for Wicomico County (PAGE, C. J.), dissolving an injunction and dismissing the bill of complaint.

The cause was submitted to the Court by *James E. Elle-good* for the appellant, and *Thomas F. J. Rider*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

The Salisbury Permanent Building and Loan Association filed a bill in equity against the County Commissioners of Wicomico County, and John W. Farlow, Collector of Taxes. The object of the suit was to obtain an injunction forbidding the Collector to collect certain taxes according to the assess-

ment and valuation made by the State Board of Appeals. A preliminary injunction was granted, but on the filing of the answer it was dissolved and the bill dismissed. The complainant has appealed.

The corporation was duly formed and organized under the general laws of Maryland as a Building and Loan Association in the year eighteen hundred and eighty-seven. It is located in the town of Salisbury. The Legislature by the Act of 1892, chapter 171, amended its charter, and greatly enlarged its powers and corporate capacities. It was enacted by the fifth section among other things that its capital stock and accumulated funds should be invested in fee-simple real estate, and leaseholds, mortgages, bonds, &c., &c., or in such other property as the corporation might deem profitable ; other additional powers will be noticed hereafter. It is alleged in the bill of complaint, and not denied in the answer, that almost the entire amount of capital stock which has been subscribed has been invested in mortgages on real estate and leasehold property. It is contended, that in assessing the taxable property of the corporation the amounts invested in these mortgages should be exempted. The State Board of Appeals valued the shares of stock of the corporation and deducted from the aggregate sum so ascertained the value of its real estate, and also investments in mortgages to the amount of forty-one thousand three hundred and nine dollars and sixty-eight cents. The assessment was made for the taxes due in eighteen hundred and ninety-five, and is, of course, not affected by the tax law passed at the last session of the Legislature. The duties of the State Tax Commissioner are prescribed in Article 81 of the Code, sec. 132, and the sections immediately following. By section 132 he is required to assess for State purposes the shares of capital stock in all banks whose shares of capital stock are liable to assessment and taxation by the laws of the State. By section 141 he is required to deduct from the aggregate value of all the shares of capital stock of a corporation the assessed value

of its real estate, and to divide the remainder by the number of shares of its capital stock. The quotient is declared to be the taxable value of each share for State purposes. By section 144 the Commissioners' valuation and assessment are made final, unless an appeal shall be taken to the State Board of Appeals; and if an appeal be taken, and both of the members of the Board of Appeals are of opinion that the decision of the Commissioner is erroneous, they are required to change it, and then their decision is final. By section 133 it is made the duty of the corporation to pay to the Public Treasurer the State tax on the shares of stock. Nothing is said in these sections relating in any way to the mortgage debts which were deducted from the assessed value of the stock. But the question of their liability to taxation depends on other portions of the Statute Law. It is not affected by the fourth section of Article 81, which enumerates the exemptions from taxation, and comprises among them mortgages when the real or leasehold estate mortgaged is subject to taxation under the laws of this State, and also mortgages on property wholly within this State, and the mortgage debts thereby secured. This question was decided in *Emory* v. *State*, 41 Md. 38. The Act of 1870, chapt. 394, contained a provision in these words : " Nor shall any tax of any kind be assessed, levied or collected on any mortgages of any kind, or on any mortgage (or) bill of sale, upon any property in this State. " In construing this language it was said : " We think in passing this Act, the Legislature designed only to exempt from assessment and taxation the mortgage debt, as such. The words refer to the instrument, the mortgage, itself, and declare that it shall not be subject to taxation. The effort here is to give such a construction to this law as will exempt from taxation the capital stock of all corporations, to the extent that their loans may be secured by mortgage. The law subjecting the capital stock to taxation, makes no such exemption. And in our opinion the Act of 1870 does not apply to the case." *41 Maryland, 58.* But section ninety-

nine of Article 23 of the Code, amended by Act of 1894, chapter 321, does in express terms. exempt from taxation the shares of building associations and of all corporations for the loan of money on mortgages of real or leasehold estate to the extent of their investments in such mortgages. The one hundred and third section of the same Article enacts that the eight sections immediately preceding shall apply to corporations which had already been formed, or might thereafter be formed under the provisions of the Article for the purpose of loaning money on real or personal property, &c., &c.   This Court in *Emory* v. *State*, above mentioned, decided that the original enactment of which this section is a reprint with slight changes (1868, ch. 471, section 92), had reference only to corporations formed under the General Corporation Act, and excluded those incorporated by special Acts of Assembly.   The shares of stock of this latter class of corporations are not therefore exempted from taxation by this section.   The appellant by virtue of its original charter had the right to purchase or redeem shares of stock from its members and to take from them mortgages to secure the payment of unpaid installments on the shares redeemed or purchased.   The ninety-eighth and ninety-ninth sections of Article 23 gave this right.   Let us consider the effect of the Act of 1892 upon the legal status of the appellant.   An examination of the powers conferred by it will show that they are as essentially °distinct from those originally possessed, as if they had been conferred on another corporation.   Besides the power to invest in mortgages which is given by the fifth section, many others were granted by the sixth section. Such as powers to receive personal property on storage or safe deposit ; to purchase, invest in, and sell any kind of property, real, personal or mixed ; to receive deposits of money, securities and other property and to accumulate the same, and to issue certificates of deposit therefor, allowing interest thereon ; to loan money on promissory and negotiable notes, &c., &c., and to borrow money and to

issue therefor the obligations of the associations, with or without coupons attached.

The mortgages in which the fifth section of the Act authorized the appellant to invest its capital stock and accumulated funds were of an entirely different nature from those in which the appellant was authorized to make investments by the ninety-ninth section of Article 23, and which are there declared to be exempt from taxation. The difference between these two descriptions of securities is well known to the profession. It is clearly stated in *Robertson's case* in 10 Maryland, 397, and has been considered in many subsequent cases. The appellant acquired a new character by the amendment of its charter. It takes its new powers as if it were another and different corporation. Its new character was conferred by a special Act of Assembly; and it must enjoy and exercise the powers thus acquired under the limitations which belong to corporations created in this way. It acquired rights, immunities and exemptions by its incorporation under the general law. These are in no wise impaired or diminished. But they cannot by any known mode of construction be extended to embrace transactions of a dissimilar character which are not authorized by the law from which it derives its origin. In so far as this appellant derived its corporate powers and capacities under the amendment, it must be regarded as a corporation formed under a special Act of Assembly; and in respect to transactions authorized only by special Act, it is not entitled to be regarded as if formed under the general law. It was organized under the general law. It afterwards accepted the amendment, and reorganized under the charter thus changed. It certainly cannot be said that the body corporate thus created was formed under the general law. Its capacities are conferred partly by the general law, and partly by a special Act of Assembly; and therefore it may more correctly be said to be formed partly under one law, and partly under the other. Its powers, privileges and exemptions must depend on the particular law which conferred them,

and must be governed by its provisions. Each corporate privilege must be referred distinctly to the source from which it was derived, and its extent and character be thereby determined. For instance, the capacities granted by the Act of 1892 are not limited or controlled by anything enacted in the general incorporation law; and therefore in exercising and enjoying these capacities this appellant must be adjudged by the rules applicable to corporations formed under a special statute. Neither can it in these particulars be entitled to the rights or subjected to the responsibilities of a corporation formed under the general law.

The result of what we have said is, that inasmuch as the investments in mortgages of the description mentioned in sections ninety-eight and ninety-nine are not taxable, the amount represented by them in the stock of the corporation must be deducted from the assessed value of the stock ; but that mortgages not of this character ought not to be deducted. It would be more satisfactory if the board in its assessment and valuation had stated more specifically the nature of the mortgages which it has deducted from the assessed value of the stock. It does not appear, however, that it·has failed to deduct any of the mortgages which we have said are exempt ; nor does the bill of complaint allege that it made any such omission. We cannot assume in the absence of allegation and proof that it has committed an error in this particular. The law confides to the State Board of Appeals the duty of ascertaining the taxable value of the stock in question. It cannot make this computation without determining the value of the exempt mortgages. The statute makes the decision of the board final on the question of valuation. We could not, therefore, revise its judgment in this particular, even if there were proof that a mistake had been made. But, it is in our power to give relief in any case where the board should erroneously assess for taxation property which is exempt by law ; because the statute has not made their decision final on this question.

The rule on this question is well summarized in the *United States* v. *Arredondo*, 6 Peters, *729.* It was there said : " It is a universal principle, that, where power or jurisdiction is delegated to any public officer or tribunal over a subject-matter, and its exercise is confided to his or their discretion ; the acts so done are binding and valid as to the subject-matter ; and individual rights will not be disturbed collaterally for any thing done in the exercise of that discretion within the authority and power conferred. The only questions which can arise between an individual claiming a right under the acts done, and the public, or any person denying its validity, are, power in the officer, and fraud in the party. All other questions are settled by the decision made or the act done by the tribunal or officer, whether executive (*1 Cr. 170–171*); legislative (*4 Wh. 423 ; 2 Peters, 412 ; 4 Peters, 563*); judicial (*11 Mass. 227 ; 11 S. & R. 429 ;* adopted in *2 Peters, 167, 168*), or special, *20 J. R. 739, 740 ; 2 Dow. P. Cas. 521, &c.,* unless an appeal is provided for, or other revision, by some appellate or supervisory tribunal, is prescribed by law." We have in this State always agreed with the principles here stated, and we are not aware that they have ever been seriously questioned in any Court. The decision in *Consumers' Ice Company* v. *State*, 82 Md. 140, in no way conflicts with any thing which we have said.

It will be seen that the assessment and valuation must stand. The decree below is affirmed with costs.

*Decree affirmed with costs.*

(Decided January 4th, 1898).