WILLIAM SCHLUDERBERG and T. J. KURDLE COMPANY *v.* MAYOR AND CITY COUNCIL OF BALTIMORE.

*Taxation—Finding by State Tax Commission—Collateral Attack—Exemption—Property Used in Manufacturing.*

Under Code, art. 23, sec. 108, and art. 81, sec. 256, the State Tax Commission is given the exclusive power to assess the personal property of an ordinary business corporation, and it has authority to adopt such rules in regard to notices of assessments, hearings, and appeals as it may deem proper, the only limitation

# 604 SCHLUDERBERG ETC. CO. *v.* BALTIMORE.

being that the notice to the taxpayer must give him reasonable and proper time to protect the assessment.                              p. 610

A notice giving to the taxpayer ten days in which to protest an assessment made by the State Tax Commission, the time usually inserted in notices of assessments made by the commission, affords ample time to the taxpayer to make protest.

p. 610

If the protest against an assessment by the State Tax Commission is based on an alleged erroneous finding of fact, the review is limited to that body, while if the correctness of the assessment depends upon a question of law, the statute allows an appeal from the commission to the Baltimore City Court or the circuit courts for the counties, according to the situs of the property involved, and a further appeal to the Court of Appeals.                              p. 610

Whether personal property belonging to a corporation is used entirely or chiefly in connection with manufacturing, within Acts 1918, ch. 82, so as to be exempt from taxation, is a question of fact, on which the State Tax Commission is authorized to pass.                              pp. 612-614

A corporation which failed to protest against an assessment by the State Tax Commission of personal property belonging to it, or to introduce evidence before the commission that the property was used entirely or chiefly in manufacturing, could not, in an action against it for the collection of the tax, assert in defense that the property was exempt as being so used.

p. 613

Where the statute establishes a fact-finding body or commission, and it has jurisdiction over the parties and the subject-matter, its decisions on questions of fact are conclusive and final, in the absence of fraud, unless an appeal is provided by law to some appellate or supervisory tribunal.                              pp. 613, 614

Even though it be a question of law whether certain corporate personalty was exempt from taxation as being used in connection with manufacturing, the corporate owner, having failed to protest to the tax commission against its assessment of the property, or to appeal therefrom, cannot assert such exemption in a suit against it to collect the tax.                              pp. 614, 615

*Decided December 8th, 1926.*

SCHLUDERBERG ETC. CO. v. BALTIMORE. 605

Appeal from the Baltimore City Court (ULMAN, J.).

Action by the Mayor and City Council of Baltimore against the William Schluderberg and T. J. Kurdle Company, a corporation. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*John Holt Richardson* and *Allan W. Rhynhart,* for the appellants.

*Charles C. Wallace, City Solicitor,* with whom was *Paul F. Due, Assistant City Solicitor,* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The only exception in this record is to the action of the trial court on the prayers. The appellant is a Maryland corporation engaged in the business of meat packing, the slaughter of food animals, the preparation of their carcasses for human consumption, and the manufacture of the by-products into useful commodities. Its plant is located in the territory which was annexed to Baltimore City by chapter 82 of the Acts of 1918. By section 10 of that act, among other things, it is provided:

"And provided, further, that all personal property of every description, owned by any person, firm or corporation and used entirely or chiefly in connection with manufacturing, in the territory annexed by this Act to Baltimore City, including mechanical tools, or implements, whether worked by hand or steam or other motive power, machinery, manufacturing apparatus or engines, raw material on hand, manufactured products in the hands of the manufacturer, bills receivable and business credits of every kind, due to the manufacturer, for goods manufactured in Baltimore City shall be exempt from taxation for all ordinary municipal purposes."

The appellant made its annual return for the year 1921 to the State Tax Commission on or about the 1st day of March, 1921, to which return there was attached a copy of the balance sheet of the defendant as of December 31, 1920. Contained in this balance sheet were the following:

"Fixtures and Office Furniture.......$10,453.00
Stores and Supplies................ 28,282.25
Automobile Trucks.... ............. 58,476.50
Merchandise, etc.... ...............349,676.63"

From this balance sheet the State Tax Commission determined what part of the tangible personal property of the appellant was taxable in Maryland, and what portion thereof was exempt from local (that is to say, Baltimore City) taxation. The Tax Commission then sent the following notice to the appellant:

"State Tax Commission of Maryland,
"Union Trust Building,
"Baltimore.

"August 3rd, 1921.
"To Wm. Schluderberg-T. J. Kurdle Company,
"5th to 7th Sts., Baltimore, Md.

"The tangible personal property of the above named corporation, taxable in Maryland, has been assessed for the current year as set forth below, and you are hereby warned that the same will become final and conclusive unless sufficient reasons for a change shall be presented to the Commission within ten (10) days from this date.

"State Tax Commission of Maryland,
"Edward S. Brittain, Secretary,
"Per W. H. Price.

| | Subject to State and Local Tax. | Subject to State Tax. |
|---|---|---|
| 8. Fixtures.................... | | |
| 9. Office Equipment............. | $10,455 | |
| 10a. Average value of merchandise not manufactured.......... | 28,220 | |

| | | | |
|---|---|---|---|
| 10b. | Average value of merchandise manufactured. . . . . . . . . . . . . | | |
| 10c. | Average value of raw material. | | $349,675 |
| 11. | Ships, steamers, etc . . . . . . . . . . | | |
| 12. | Live stock . . . . . . . . . . . . . . . . . | | |
| 13. | Motor vehicles . . . . . . . . . . . . . | 58,475 | |
| 14. | Other vehicles . . . . . . . . . . . . . . | | |
| 16. | Tools, Engines and Machinery. | | |
| 18. | Other tangible personal property. . . . . . . . . . . . . . . . . . . . | | |

Total assessment against tangible personal property. . . . . . . . . . . . . . . . $97,150 $349,675

No. 82—11-29-24—5M.                                    D."

On or about September 6th, 1921, more than ten days after the date of the notice to the appellant, the Appeal Tax Court of Baltimore received from the State Tax Commission certification of the assessment as set forth in the notice of August 3rd, 1921. Ordinance No. 537 of the Mayor and City Council of Baltimore fixed, as the tax rate for the year 1921, $2.97 on every hundred dollars of the assessable value of property in the City of Baltimore located outside of the territory annexed to the city by the Act of 1918, chapter 82; and by Ordinance No. 538 the same authority fixed the rate at $1.9008 on all property in Baltimore City located within the territory annexed by the Act of 1918, chapter 82. Thereafter demand was duly made upon the appellant for the taxes due and which were arrived at by applying the rates provided by the ordinance above to the assessment. The defendant refused and still refuses to make payment thereof. The amount of taxes thus ascertained is $2,376.25, as shown by copies of the tax bills attached to the declaration. Thereafter suit was brought in the Baltimore City Court against the appellant for the taxes thus alleged to be due and unpaid. The case was heard in that court without a jury, and resulted in a verdict and judgment for the appellee for the sum of

$2,376.25. From that judgment the defendant below has appealed.

The two questions presented by the ruling of the lower court on the prayers, contained in the single exception in the record, are: First, is the appellant permitted to attack the validity of the assessment in this case in a proceeding instituted by the city for the collection of the unpaid taxes? and, second, is the property, upon which the assessment was made and the taxes attempted to be collected, exempt from taxation by virtue of the provisions of the Act of 1918, chapter 82?

In the view which we take of the case, it is only necessary to consider the first of these propositions, namely, Can the appellant question the validity of the assessment of the property in question in these proceedings? The appellant here is an ordinary business corporation, incorporated under the laws of the State of Maryland and operating in this state. Section 108 of article 23 of the Code provides:

"Every ordinary business corporation shall be subject to taxation upon its property, real and personal, which would be taxable in this state if such corporation were a natural person engaged in a similar business, and the taxes thereon shall be levied, assessed and collectible in the following manner and not otherwise: On all real property the taxes shall be levied and assessed, and shall be payable at its *situs,* as now provided by law. All personal property of such corporations, exclusive of bonds, shares of stock and securities as enumerated in article 81, section 225, of the Annotated Code and property which by law is exempt from taxation, and exclusive of manufacturing plants situated in any city or county in which by law or ordinance manufacturing plants are exempt from county or municipal taxation shall be valued and assessed by the State Tax Commission and when so valued, the whole personal assessments shall be apportioned between the several counties and the cities of this state by the State Tax Commission in the proportion which the number of shares of stock of such corpora-

tion held by residents of each county or city of this state bears to the total number of shares of stock of such corporation outstanding, * * * and after such apportionment, valuation and assessment the State Tax Commission shall certify and return the amount of the said valuation and assessment to the Comptroller of the Treasury, who shall at once proceed to collect the amount of state taxes chargeable thereon, * * * and the county and municipal taxes on such valuation and assessment shall be payable by such corporations to the officers authorized to collect the county and municipal taxes at the residence of such stockholders at the tax rate fixed by the county, city or municipality at the residence of such stockholders."

Section 256 of article 81 of the Annotated Code of 1924 provides:

"That State Tax Commission shall adopt a seal and shall keep a full record of its proceedings, and have the power to make rules, orders and directions as it may deem necessary to carry into effect the objects of this sub-title. It shall have power also to provide a system for hearings on petitions filed before it, and shall adopt such rules of proceedings, manner of taking testimony and argument and such regulations in regard to notices of assessment, hearings and appeals as it may deem proper."

Section 253 of the same article provides:

"There shall be an appeal to court on questions of law only from decisions of the State Tax Commission to the court in that county where the property is situated, if real estate or tangible personal property, or where the owner resides, if intangible personal property, and the State Tax Commission is empowered to participate in any proceeding in any court wherein any assessment or taxation question is involved."

Section 259 of that article provides:

"Appeals from any action of the State Tax Commission to court, as authorized by section 253 hereof, shall

be taken within thirty days of such action by petition
setting forth the question or questions of law which
it is desired by the appellant to review, and notice
thereof shall be given by summons or subpoena, duly
served on all parties directly in interest, by the sheriff
of the county or city in which said appeal is filed, and
shall be heard and decided by the court, sitting with-
out a jury. All appeals to court in Baltimore City
shall be to the Baltimore City Court, and there shall
be a further right of appeal to the Court of Appeals
from any decision of the Baltimore City Court or of
the circuit courts of the several counties. Such ap-
peals must be taken within ten days of the final judg-
ment or determination of the lower court. The power
to assess shall in all cases include the power to classify
for taxation, and the power to review an assessment
on appeal shall in all cases include also the power to
review any question of classification for taxation."

It will be seen from the provisions of the statute above
quoted that the State Tax Commission is given exclusive
power and authority to assess the personal property of an
ordinary business corporation; also that it has power and
authority to adopt such rules and regulations in regard to
notices of assessment, hearings and appeals as it may deem
proper, the only limitation being that the notice given to
the taxpayer afford him reasonable and proper time to pro-
test the assessment. The time given in this case was ten
days, which apparently is the usual time inserted in notices
to taxpayers where the assessment has been made by the
commission, and which affords the taxpayer ample time to
make protest to the State Tax Commission against the assess-
ment as made. If the protest is based upon an alleged erro-
neous finding of fact by the commission, the review is lim-
ited to that body; if, however, the correctness of the assess-
ment depends upon a question of law, the statute provides for
an appeal from the decision of the State Tax Commission to
the Baltimore City Court or the circuit courts for the coun-
ties, as the case may be, dependent upon the *situs* of the prop-

erty involved; and a further appeal from the decision of those courts to the Court of Appeals. The appellant here did not protest the assessment of this personal property, after having been notified by the State Tax Commission of its being made; neither did it appeal from that body to the Baltimore City Court within thirty days, the time prescribed by the statute. It did nothing from the time it received notice of the assessment, with the warning to protest within ten days or else same would be final, until suit was instituted for the collection of the taxes. It now comes in, by way of defense to that suit, and for the first time alleges that the property assessed was exempt under the provisions of the Act of 1918, ch. 82, hereinabove quoted. The case relied on by the appellant in support of its present position is *Carroll County v. Shriver Co.,* 146 Md. 412. It is contended that in the decision reached by this Court in that case, it was necessary to determine the question here involved, and that it was determined in favor of the contentions now made by the appellant, as shown by the conclusion therein reached. The Court in that case, speaking through Judge Pattison, does not deal with the question here involved. Chapter 528 of the Acts of 1914, which was an act to encourage the development of manufacturing industry in the State of Maryland, by providing exemption from taxation of the tools, machinery, manufacturing implements, and engines, of corporations, firms, and individuals actually engaged in manufacturing, provided that it should become effective whenever the county commissioners of any county, by resolution, should so determine. The County Commissioners of Carroll County, by proper resolutions, determined that in furtherance of the said act, all tools, machinery, etc., of corporations, firms, etc., actually engaged in manufacturing should be thereafter exempt from taxation in Carroll County, Maryland. Subsequently, after a change in the personnel of the board of county commissioners, the latter board undertook to rescind the resolution and thereafter make the personal property, theretofore exempt, subject to taxation. The latter action was certified

to the State Tax Commission, and the commission assessed the personal property of the Shriver Company which had theretofore been exempt under the first resolution, and upon the failure to pay the tax the county brought suit for the collection of the tax. This suit was defended by the Shriver Company on the ground that the county commissioners had no authority to pass the rescinding resolution, and that such resolution was nugatory in its effect. This Court decided that the Legislature, by the Act of 1914, ch. 528, provided that this property should be exempt in any county of the state when the board of county commissioners of that county determined by resolution, and that the effect of the act of the Legislature was to give power and authority to the county commissioners to make the act effective, but having once done this, it had no power to repeal the operation of the act of the Legislature by a subsequent rescinding of the resolution by which the act was put into effect. It will thus be seen that the question involved in that case was entirely a legal one; and in passing upon that question of law this Court held that, from and after the passage of the first resolution of the board of county commissioners, the property involved in that case was absolutely and entirely exempt from all local taxation in Carroll County, unless and until the Legislature should repeal the act; and, further, that the second resolution of the board of county commissioners of Carroll County was nugatory and of no effect. That case is readily distinguishable from the case now being considered, and is not authority for the proposition here contended for by the appellant. There was no discretion remaining in the board of county commissioners for Carroll County after they once, by resolution, made effective the act of the Legislature, and there was no question of fact in that case to be decided by the State Tax Commission; while in this case the question of whether or not the property here claimed to be exempt is in fact exempt, depends upon the question of whether or not this particular personal property is used entirely or chiefly in connection with manu-

facturing. This raises a question of fact which can only be determined by evidence. The assessment made by the State Tax Commission, as shown by the notice thereof sent to the appellant on August 3rd, 1921, was a determination by the commission based upon a balance sheet furnished in its report to the commission, and at the time this assessment was received by the appellant it was only tentative, and was accompanied with the warning that the same would become final and conclusive unless sufficient reasons for a change were presented to the commission within ten days from the date of the notice.

In the *Shriver* case the law exempted the property in question from taxation and there was no question of fact to be passed upon by any one; while in this case the exemption depended upon a question of fact, which question of fact the State Tax Commission was legally empowered to determine. What has been said in respect to differentiating the *Shriver* case from the present case is equally applicable to *Consumers Ice Co. v. State,* 82 Md. 132; the single question involved in that case being the question of law as to whether or not unissued stock was taxable at all.

The State Tax Commission having jurisdiction in the matter and being the tribunal authorized by law to pass upon this question of fact, if the appellant was not contented with the assessment made, and of which it had notice, it was incumbent upon it to protest the assessment before the commission within the time prescribed in the notice, and introduce before the commission such evidence as it could to show that the property in question was used entirely or chiefly in connection with manufacturing. We are of the opinion that upon its failure to do this, the appellant is now precluded from making this defense in a collateral proceeding brought against it for the collection of the tax. The principle is well settled that where the statute establishes a fact-finding body or commission, and it has jurisdiction over the parties and the subject-matter, its decisions on questions of fact are conclu-

sive and final, in the absence of fraud, unless an appeal is provided by law to some appellate or supervisory tribunal.

In the case of *Salisbury Permanent Building & Loan Assn. v. County Commissioners of Wicomico County,* 86 Md. 615, we said: "The rule on this question is well summarized in *United States v. Arredondo,* 6 Peters, 729. It was there said: 'It is a universal principle, that, where power or jurisdiction is delegated to any public officer or tribunal over a subject-matter, and its exercise is confided to his or their discretion; the acts so done are binding and valid as to the subject-matter; and individual rights will not be disturbed collaterally for anything done in the exercise of that discretion, within the authority and power conferred. The only question which can arise between an individual claiming a right under the acts done, and the public, or any person denying its validity, are, power in the officer, and fraud in the party. All other questions are settled by the decision made or the act done by the tribunal or officer, whether executive, legislative, judicial, or special, unless an appeal is provided for, or other revision, by some appellate or supervisory tribunal, is prescribed by law.' We have in this state always agreed with the principles herein stated, and we are not aware that they have ever been seriously questioned in any court. The decision in *Consumers Ice Co. v. State,* 82 Md. 140, in no way conflicts with anything which we have said." To like effect see *Baltimore v. Canton Co.,* 63 Md., at 238; *Jackson v. Bennett,* 80 Md., at p. 77; *Smith v. Goldsborough,* 80 Md. 63.

As we have said, the question of whether the property involved was exempt from taxation depended upon a question of fact, which fact the State Tax Commission was empowered to determine. It may be argued that the classification of the personal property of the appellant into two classes, the one exempt and the other taxable, involves a question of law. It is conceivable that in some cases this might be true; but that question is of no consequence in this case, because even if there be a question of law involved, thereby permitting an appeal from the action of the State Tax Commission within

the time prescribed by the statute, there was no protest or
appeal of any kind made, taken, or prayed by the appellant.
We are of the opinion that the appellee's first prayer, which
was granted by the lower court, fully and correctly stated the
law applicable to and governing this case; and that all of the
prayers of the appellant, being in conflict therewith, were
properly refused.

*Judgment affirmed, with costs to the appellee.*