# AMERICAN BANK STATIONERY CO. *v.* STATE
## [No. 199, October Term, 1949.]

*Decided July 19, 1950.*

*Motion for rehearing and/or modification filed August 11, 1950; denied November 2, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Charles E. Quandt,* with whom were *Carlyle Barton, Carlyle Barton, Jr.,* and *Niles, Barton, Yost & Dankmeyer* on the brief, for the appellant.

*Harrison L. Winter, Assistant Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

The appellant was sued in the Superior Court of Baltimore City by the State of Maryland for an additional assessment on its income tax returns for the years 1941 to 1947, both inclusive. It admitted the increased assessment for the years 1945 to 1947, inclusive, and paid the same, so that this suit involves increased assessment for the years 1941 to 1944, inclusive.

To the declaration filed by the State, in its first plea appellant admitted as due, the amount claimed for the years 1945, 1946 and 1947. Its second plea was the general issue plea. Its third plea was that the cause of action did not accrue within three years before the filing of the suit, and in its fourth plea it set up that the additional income taxes for the years 1941 to 1944, both inclusive, were not assessed by the Comptroller of the Treasury of the State of Maryland within three years from the respective dates on which the income tax returns of the defendant for said fiscal years were originally due or filed, as required by the provisions of the Maryland Income Tax Law; that said additional assessment for said fiscal years is invalid, illegal and void *ab initio.*

The State demanded a bill of particulars of the second plea, and filed a demurrer to the third and fourth pleas. The appellant answered the demand for particulars of its general issue plea and set up the matters contained in its fourth plea as particulars of its general issue plea. The State then demurred to the general issue plea as particularized, and the court sustained the demurrer. The State then moved for a summary judgment, which motion was granted, and judgment entered for the plaintiff for $3,067.95, with costs. From this judgment the case comes here on appeal.

The Code 1939, Article 81, sec. 247 (Revisions and Appeals), provides: "As soon as practicable after each return is received, the Comptroller shall examine and audit it. If the amount of tax computed by the Comptroller shall be greater than the amount returned by the taxpayer, the excess shall be assessed by the Comptroller (within three years from the date the return was originally due or filed, except in the case of failure to file a return or of a fraudulent or incomplete return in which case the excess may be assessed at any time), and a notice of such assessment shall be mailed to the taxpayer. In the event the taxpayer is dissatisfied with his assessment, he may within thirty days from the date of notice, appeal to the State Tax Commission, and upon such appeal being noted all papers relating to the assessment shall be transmitted by the Comptroller to the State Tax Commission. The State Tax Commission shall set a date within a reasonable time for public hearing, and, on the basis of the law and the facts the State Tax Commission shall sustain the original assessment or make a new assessment. The determination by the State Tax Commission shall be *prima facie* evidence of the amount of tax due, and the State Tax Commission shall give the taxpayer written notice of the assessment of tax, interest and penalties. Nothing herein shall prevent the taxpayer from appealing from the finding of the State Tax Commission in the manner provided by law for appeals from said Commission in the exercise of its appellate jurisdiction, and the provisions of Sections 194 et seq. of this Article are hereby made applicable in the enforcement of this subtitle."

It is the contention of the appellant that the provisions in the section of the Code cited, that "within three years from the date the return was originally due or filed", is a condition precedent, and as that time elapsed the Comptroller had no authority in law to revise a return duly filed with that officer. The State contends (1) that a revision of a return so made by the Comptroller cannot be attacked in a collateral proceeding, but only

in the mode provided in the section referred to, and (2) that the limitation in the section referred to amounts only to a statute of limitations and should be specially pleaded.

The record in the case shows that notice of the revision made in the returns of the appellant was duly mailed to it within the time prescribed by law, and there is no denial that it received the notice. No argument of a failure to receive due notice, by the appellant from the Comptroller, of the excess assessments upon the returns in question was made in this court; that question is, therefore, not involved in this case. The various returns were fully made and there is no semblance of fraud involved here.

The Comptroller has full power to revise and correct an income tax return of a taxpayer. In this case the Comptroller found that the method used by the appellant for the computation of tax due for the respective years was wrong. It was his duty to make the correction and increase the assessment based on his view of what was the proper way to compute the tax. The appellant had a right to appeal to the State Tax Commission from the action of the Comptroller, and if not satisfied with its action, it could have appealed to the Baltimore City Court, and from the action of that court, it could have appealed to this court. Code (1939) Art. 81, sec. 247; sec. 194, Art. 81, Supplement to Code, 1947. This procedure, prescribed by law, was ignored by the appellant. It did not appear before the Comptroller in order to make known to that officer its reasons why the increased assessments should not be made, and took no appeal whatever from the action of the Comptroller. The action of the Comptroller, therefore, was final and the appellant could not collaterally attack the same in this case.

*Gittings v. Baltimore City,* 95 Md. 419, 52 A. 937, 938, 54 A. 253, involved a bill in equity to restrain the collection of certain taxes on property located in Baltimore City. The City demurred to the bill, which was sustained by the lower court, and that action was affirmed

by this court. The City relied on what was then section 170 of the City Charter, which provided that "any person aggrieved because of any assessment made by the Appeal Tax Court, or because of its failure to reduce or abate any existing assessment, may by petition appeal to the Baltimore City Court to review the assessment. * * *" That section provided in detail the procedure to be followed by the taxpayer. It is strikingly similar to the procedure set up in section 247 of Article 81 of the Code. Referring to the section of the Charter, the court in that case said: "* * * the plaintiff had an ample remedy in a Court of law which has sole and exclusive jurisdiction for the purpose of review of said assessment and valuation, and that having failed to avail himself of that remedy, he must abide by the action of the Appeal Tax Court in reference to said assessment."

The court, in that case, quoted from the opinion of this court in *Allegany County Commissioners v. Union Mining Company*, 61 Md. 545, as follows: " 'It is only when the tax itself is clearly illegal, or the tribunal imposing it has clearly exceeded its powers, or the rights of the taxpayers have been violated, that the interposition of the special remedy by injunction can be invoked, *and only then, when no appellate tribunal has been created with power* to remedy the wrong.' "

The court, in the *Gittings* case, also quoted from *Friedenwald v. Shipley*, 74 Md. 220, 21 A. 790, 24 A. 156: " 'It is too well settled to admit of further discussion that a Court of equity cannot undertake the decisions of questions which the law has confided to another tribunal especially designated to adjudicate them.' "

The opinion of this court, in the *Gittings* case, further states: "The plain object of this section of the charter was to provide a prompt, efficient, and ample remedy for the correction of all errors, either of omission or commission in the assessment and collection of taxes in the city of Baltimore, and in construing a similar provision in 61 Md., *supra,* this Court said that even where the tax itself is illegal, or the tribunal imposing it has

clearly exceeded its powers, the remedy by injunction cannot even then be invoked, if an appellate tribunal has been created with power to remedy the wrong."

In *Schluderberg & T. J. Kurdle Co. v. Mayor & City Council*, 151 Md. 603, 613-614, 135 A. 412, 416, suit was brought by the Mayor and City Council for taxes alleged to be due. Schluderberg claimed that the property assessed was exempted. Judge Digges, speaking for this court in that case, said: "The principle is well settled that where the statute establishes a fact-finding body or commission, and it has jurisdiction over the parties and the subject-matter, its decisions on questions of fact are conclusive and final, in the absence of fraud, unless an appeal is provided by law to some appellate or supervisory tribunal."

In *Baltimore Steam Packet Company v. State Tax Commission*, 161 Md. 9, 155 A. 158, 162, Judge Digges, again speaking for this court, quoted from the *Schluderberg* case: " '* * * The appellant here did not protest the assessment of this personal property, after having been notified by the State Tax Commission of its being made; neither did it appeal from that body to the Baltimore City Court within thirty days, the time prescribed by the statute. * * * We are of the opinion that, upon its failure to do this, the appellant is now precluded from making this defense in a collateral proceeding brought against it for the collection of the tax. * * *.' "

In *Wasena Housing Corp. v. Levay*, 188 Md. 383, 52 A. 2d 903, the appellant brought an action at law for the refund of taxes erroneously or mistakenly paid. In that case (decided May 14, 1947) Judge Henderson, speaking for this court, reviews extensively the legislation and the authorities of this court, and points out the procedure which the Legislature has provided for the taxpayer to follow in case he is dissatisfied with the assessment of his property. The judgment in that case was affirmed.

In *Board of County Com'rs of Anne Arundel County v. Snyder*, 186 Md. 342, 348, 46 A. 2d 689, 692, it is said:

"Where a statutory right of appeal is granted, that remedy is exclusive. *Stark v. State Board of Registration*, 179 Md. 276, 283, 19 A. 2d 716; *Applestein v. Osborne*, 156 Md. 40, 143 A. 666."

We cannot accept the view that the appellant in this case was deprived of due process of law. Due process of law was afforded it by the procedure set up in section 194, Article 81, Supplement to Code, 1947. Neither can we follow the out-of-State cases cited in the appellant's brief. We are governed by our own decisions.

It is unnecessary to consider other questions raised in the briefs.

*Judgment affirmed, with costs.*

MARKELL, J., delivered the following dissenting opinion.

Oversimplification usually defeats its ends. In this case, in at least two respects, strange results are reached by applying, to a suit at law to collect taxes, statutory provisions relating to administrative appeals from assessments.

1.  Art. 81, sec. 154, of the Code provides that "any tax may be collected * * * by action of assumpsit * * *." In any such action "the certificate of * * * the Comptroller * * * showing the amount of the tax due with all penalties and interest shall be *prima facie* evidence to entitle the plaintiff to judgment for the amount of such tax, penalty and interest. * * *." Art. 81, sec. 159. Art. 81, sec. 247, provides that on appeal to the State Tax Commission from an additional assessment by the Comptroller, "the determination by the State Tax Commission shall be *prima facie* evidence of the amount of tax due." In the instant case defendant did not appeal under section 247, and plaintiff did not attempt to exercise its administrative powers to collect the alleged taxes, but elected to resort to an action at law. By some combination of sections 159 and 247 the Comptroller's additional assessments, which are void on their face (because not made "within three years") and *per se* rebut any

*prima facie* evidence they might otherwise furnish, become *conclusive* (instead of *prima facie*) evidence in a suit at law on these void assessments. At the argument plaintiff admitted that its contentions would be equally applicable in a suit on additional "assessments" of income taxes for the year 1925 or 1789 [or 1492?].

2. Art. 81, sec. 162A (Code, 1947 Supp.), Acts of 1943, ch. 123, provides that "Whenever any person * * * *shall have paid any special taxes which were erroneously or illegally assessed or collected* * * * he may file * * * a written claim for the refund thereof." Income taxes are "special taxes". Art. 81, sec. 4. In *Wasena Housing Co. v. Levay*, 188 Md. 383, 391-392, 52 A. 2d 903, 907, this court, italicizing the words above italicized, noted the contrast between refund of ordinary taxes under section 162 and refund of special taxes under section 162A, saying, "In the one case the error or mistake must relate to the payment, in the other it may relate to the payment or the assessment." 188 Md. 392, 52 A. 2d 907. In the instant case the *Wasena* case is cited as pointing out "the procedure which the Legislature has provided for the taxpayer to follow in case he is dissatisfied with the assessment of his property." In the instant case the difference between sections 162 and 162A is not mentioned, but under the *Wasena* case "the procedure which the Legislature has provided for the taxpayer to follow in case he is dissatisfied with the assessment of his [income tax]" includes under section 162A a claim for refund and (unlike section 162) does not include a proviso excluding refunds in case of erroneous assessments which might have been challenged by appeal. As the taxes now in dispute have not yet been paid, because the State elected to resort to a suit at law instead of exercising its summary powers of collection, a claim for refund under section 162A could not yet be filed, but can be filed after payment, whether after final judgment herein or before, *e.g.*, before the mandate is transmitted.

I think the judgment should be reversed.