REILING *v.* COMPTROLLER

[No. 84, October Term, 1952.]

*Decided February 4, 1953.*

*Application for leave to present newly discovered evidence and further relief and motion to amplify application, filed March 2, 1953 and March 10, 1953, denied March 19, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Herman T. Reiling,* in proper person.

*Francis D. Munraghen,* Assistant Attorney General, with whom was *J. Edgar Harvey,* Acting Attorney General, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Anne Arundel County, in equity, sustaining a demurrer to and dismissing a bill of complaint. The bill alleged that the appellant was an attorney admitted to practice in the State of Illinois but employed by the Bureau of Internal Revenue in Washington. During the years 1944 and 1945, he was so employed but maintained his citizenship and domicile in Illinois, although he resided and owned a dwelling in Chevy Chase, Maryland. In 1949 the Comptroller of the State of Maryland sent him a notice of estimated assessment of Maryland income tax, including interest and penalty, for the calendar years 1944 and 1945. He requested a statement as to its

computation, and an abatement on the ground that it was unconstitutional. He was furnished with a statement showing the tax was calculated on account of the salary he received from the federal government. He complains that the tax was not correctly computed, but nevertheless he did not further challenge the assessment, although told that it would become final if he did not do so within fifteen days, (section 300, Article 81, Code of 1951) nor did he exercise his right to appeal to the State Tax Commission (section 305, Article 81, Code of 1951), and thence to the courts (sections 305 and 255). None of these appeals would have entitled him to a stay, but had he followed the procedure outlined in the sections cited and obtained a final adjudication in his favor, he would have been entitled to a refund with interest under section 257, Article 81, Code of 1951. Instead of pursuing the statutory remedy, he let the time for appeal expire and subsequently brought this bill for an injunction and declaration that the assessment is null and void. The appellee, while contending that the tax is valid in any event, challenges the appellant's standing to invoke the aid of a court of equity after having failed to pursue his statutory remedy.

The appellant attempts to meet this contention by arguing that an appeal to the Tax Commission and thence to the courts is allowed only to a dissatisfied "taxpayer", defined in section 275(c), Article 81 of the 1951 Code, as "any person required by this sub-title to pay a tax or file a report". He contends that he is not a "taxpayer" within this definition. The definition quoted is, however, only "for the purposes of this sub-title and unless otherwise required by the context". In the context of section 305, the right to appeal is not limited to persons whose liability to some tax is admitted. There is a broader definition of "taxpayer", in section 2 of Article 81, to include "any person * * * paying or liable to pay any tax, or against whom any liability for taxes is claimed or asserted, or could be claimed or asserted * * *". Moreover, under section 290, it is required that "every in-

dividual resident of this State" file returns under the conditions stated. "Resident" is defined in section 275 (i) to mean "an individual domiciled in this State on the last day of the taxable year, and every other individual who, for more than six months of the taxable year, maintained a place of abode within this State, whether domiciled in this State or not * * *". The appellant clearly falls within the latter category. If he is exempt from the tax, as contended, it is not because the statute is not in terms applicable to him, but because the statute cannot be constitutionally applied as the legislature intended. In *Wood, et al. v. Tawes,* 181 Md. 155, 28 A. 2d 850, *certiorari* denied 318 U. S. 788, 63 S. Ct. 982, 87 L. Ed. 1154, this court not only entertained a direct appeal by residents, claiming constitutional immunity from taxation some of whom were in almost the identical situation as the complainant, but sustained their liability in the fact of the same arguments here presented.

Nor do we find any merit in the appellant's contention that the remedy by way of appeal would be inadequate because a refund under section 306 would be barred by limitations. As we have pointed out, refund with interest would be allowable on appeal under section 257. The prohibition on refund in section 306 was designed to give effect to the limitations where that defense might have been raised at an earlier stage. *Cf. American Bank Stationery Co. v. State,* 196 Md. 22, 75 A. 2d 86. In *Reiling v. Lacy,* D. C. 93 F. S. 462, 467 (appeal dismissed 341 U. S. 901, 71 S. Ct. 614, 95 L. Ed. 1341), it was squarely held by a three-judge federal court that the remedy afforded by the Maryland statute in this case was a plain, speedy and efficient remedy.

Perhaps the strongest argument that could be made in favor of a consideration of the case on its merits, is that the point raised is not the amount or calculation of the assessment but the constitutional power of the State to impose an income tax on a resident who is domiciled in another state and earns the income which is the measure of the tax in the District of Columbia

through services there performed for the federal government. We have pointed out in a number of recent cases that where a constitutional issue is raised, and there is no danger of by-passing administrative action, the question may properly be decided in an equity proceeding, or one for a declaratory decree, before the time has arrived for invoking the statutory remedy. *Schneider v. Pullen*, 198 Md. 64, 68-69, 81 A. 2d 226, 228; *Kracke v. Weinberg*, 197 Md. 339, 79 A. 2d 387; *Francis v. Mac-Gill*, 196 Md. 77, 75 A. 2d 91; *Cambridge v. Eastern Shore Public Service Co.*, 192 Md. 333, 337, 64 A. 2d 151; *Kahl v. Con. Gas & Elec. Lt. & Pwr. Co.*, 191 Md. 249, 258, 60 A. 2d 754. It may be noted, however, that none of these were tax cases.

The case of *Tawes v. Williams*, 179 Md. 224, 17 A. 2d 137, 132 A. L. R. 1105, is closely in point. It was there held that an assessment of income tax, including within the taxable basis income received from a foreign fiduciary, could only be attacked, even on constitutional grounds, on direct appeal, and not by a proceeding for a declaratory decree. On the last point the authority of the decision is somewhat shaken by subsequent amendments of the Declaratory Judgement Act.* See *Cambridge v. Eastern Shore Public Service Co.* and *Schneider v. Pullen, supra*. However, these amendments, and our decisions, recognize that where a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed. The gravamen of the decision in the *Williams* case was that the legislature intended to make the statutory remedy exclusive. In tax assessment cases there are special reasons why there should be finality upon failure to exercise the statutory right of appeal, and collateral attack should be prohibited. *Cf. Wasena Housing Corp. v. Levay*, 188 Md. 383, 52 A. 2d 903, and *American Bank Stationery Co. v. State, supra*. Questions involving jurisdiction to tax income from particular sources have repeatedly been

---

* Reporter's Note:  Code (1951), Art. 31A.

decided on direct appeal. *Wood v. Tawes, supra; Gordy v. Dennis*, 176 Md. 106, 5 A. 2d 69. This court has never overruled the *Williams* case on this point, and we see no occasion to do so now, when it has been tacitly accepted by the legislature as a correct interpretation of its intention.

Since we hold that the remedy by way of appeal from the assessment was exclusive, it follows that the bill was properly dismissed.

*Decree affirmed with costs.*