## CASEY DEVELOPMENT CORPORATION *v.* MONTGOMERY COUNTY, MARYLAND

[No. 24, October Term, 1956.]

*Decided January 29, 1957.*

142

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*James R. Miller* and *James R. Miller, Jr.,* with whom was *Lee C. Miller* on the brief, for the appellant.

*Alfred H. Carter, Assistant County Attorney for Montgomery County,* with whom was *Charles M. Irelan, County Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellee, Montgomery County, Maryland, filed a statutory suit in assumpsit under Art. 81, Sec. 204, of the Annotated Code of Maryland (1951) in the Circuit Court for Montgomery County against the appellant, Casey Development Corporation, for taxes claimed to be due by the appellant for improvements on real estate for three-fourths of the taxable year, July 1, 1953, to June 30, 1954. The appellant filed three pleas: (1) the general issue; (2) that the plaintiff had not *levied* the tax alleged to be due, against the property of the defendant; and (3) the purported authority for said tax is in violation of Art. 15 of the Declaration of Rights of Maryland. The plaintiff filed a motion for a summary judgment upon the certificate of the Director of Finance for Montgomery County, the authority charged with the collection of the tax, and an affidavit of the Supervisor of Assessments for said County. The certificate of the Director of Finance contained all of the requirements of Art. 81, Sec. 209, of the Code (1951), and the affidavit of the Supervisor of Assessments disclosed that notice of the proposed assessment of improvements on land owned by the appellant, had been given to the taxpayer, it had been protested and a hearing had been held on this protest. The result of the hearing was an assessment of the improvements in the amount of $61,000. Written notice of this conclusion was given to the

taxpayer, and this notice contained the following information and admonition:

"Under article 81, section 191 of the Laws of Maryland you may appeal this assessment to the State Tax Commission, 31 Light Street, Baltimore 2, Maryland. This must be done within thirty (30) days of the date contained upon the notice."

A hearing was held on the motion for a summary judgment, an order was signed granting the same, and a judgment was duly entered. The correctness of the court's ruling on this motion is the subject of this appeal.

The facts are brief and undisputed. The appellant is the owner of land, to wit, Lot 7, Block 6, Russell & Brooks Addition, 9th Election District, Montgomery County, Maryland, which appeared on the assessment rolls of Montgomery County as unimproved property on May 1, 1953, the date of finality as provided by Section 22-1 of the Montgomery County Code (1950), and on June 30, 1953, the date on or before which the annual levy for the taxable year was required by section 22-4 of the Montgomery County Code (1950) to have been made. On the aforesaid dates, the proposed improvements on the said land were not substantially completed. A tax was properly levied on June 30, 1953, by the Montgomery County Council for the taxable year of 1953-1954 on the land as unimproved real property, and the tax was duly paid by the appellant. Between July 1 and September 30 of 1953, and after both the date of finality and the levy, the improvements on the property were substantially completed. Under the authority of Section 22-2 of the Montgomery County Code (1950), notice of a proposed assessment on the aforesaid improvements was sent to the appellant on September 14, 1953. After protest and hearing before the Appeal Tax Court, the assessment was entered on the assessment books on October 1, 1953. On November 10, 1953, the appellant was given final notice by the Appeal Tax Court of an assessment on the aforesaid improvements for tax purposes for the year 1953-54. The assessment was not thereafter appealed to the State Tax Commission by the appellant. Appellee claims the tax

to be due under the authority of Section 22-2 of the Montgomery County Code (1950), and the amount of the tax claimed equals three-fourths (¾) of the regular County rate and not three-fourths (¾) of the sum of the State and County rates.

The appellant contends there are two questions involved in this appeal:

> (1). May the defendant in an action to collect taxes interpose as a defense the question of the validity of a levy, when he did not appeal the assessment to the State Tax Commission;
> (2). Is section 22-2, Montgomery County Code (1950), the law under which the assessment was made, invalid for want of a provision for a valid levy and/or because it is in violation of Art. 15 of the Declaration of Rights?

The appellee maintains that said section 22-2 of the Montgomery County Code is a valid and constitutional enactment by the Legislature of Maryland, and is self-executing so as to require no new or additional levy; but, whether it is or not, the appellant is precluded from contesting the same in this case, because it failed to appeal to the State Tax Commission under the statutory appeal procedure set out in Secs. 251-255 of Art. 81 of the Code.

This seems the appropriate place to set forth the laws that control this case. Sec. 22-2 of the Montgomery County Code reads, in part, as follows:

> "22-2. All improvements which become substantially completed between July 1st and September 30th in any year shall be assessed for taxes and such improvements shall be subject to taxation in said year at three-fourths of the regular rate levied for State and County purposes for said year * * *."

Art. 81, Sec. 209 of the Code (1951) is, in part, as below:

> "* * * the certificate of the authority charged with the collection of the tax * * * showing the amount of

tax due * * * shall be *prima facie* evidence to entitle the plaintiff to judgment * * * and shall cast upon the defendant the burden of proving that the tax has been paid or any other sufficient defense, but this section shall not be construed to permit the defendant to interpose any defense which he might have raised by way of appeal from the assessment upon which such tax was levied."

And Sec. 252 of said Art. 81, provides that:

"Any taxpayer, * * * claiming to be aggrieved * * * because of any * * * failure or refusal to increase, reduce, abate, modify or change any assessment * * * by * * * the assessing authorities * * * may by petition appeal to the State Tax Commission * * *."

The court below did not state its reasons for granting the motion for summary judgment, but if the record discloses it was correct in so doing, the judgment should be affirmed. The certificate of the Director of Finance, under the provisions of Sec. 209 of Art. 81, above, made out a *prima facie* case. The defendant offered no testimony, but contented itself to rest for defense upon the alleged failure of an additional levy, and that Sec. 22-2, above, violated Art. 15 of the Declaration of Rights.

This court has held on many occasions that where a statute provides a special form of remedy for a specific type of case, the statutory remedy in most instances must be followed. *American Bank Stationery Co. v. State,* 196 Md. 22, and cases therein cited; *Reiling v. Comptroller,* 201 Md. 384; *Miller Bros. Co. v. State,* 201 Md. 535, 540; *Tanner v. McKeldin,* 202 Md. 569, 577; *Pressman v. State Tax Comm.,* 204 Md. 78, 84. However, appellant claims it is not precluded under this rule from showing there was no actual *levy* for the tax attempted to be collected, because the date of finality in Montgomery County, in the first instance, was May 1, 1953, and the levy for that year was made on, or before, June 30, 1953. It says this levy was upon the assessments made on or before

May 1, 1953, and did not affect any assessments on improvements completed thereafter, such as appellant's. It, therefore, contends there was no *levy* for the tax imposed on its improvements, and it would not have been able to avail itself of this fact by appeal to the State Tax Commission, after the hearing on the protest of the assessment.

It argues there is an essential difference between an "assessment" and a "levy", and, while the express language of Sec. 252 of Art. 81, permits an appeal from an "assessment", no provision is made to appeal an unlawful "levy" or a failure to make a "levy". Therefore, if it had appealed the "assessment", it would not have had the right to attack the "assessment" by showing the lack of a "levy". As a result, appellant claims that neither the rule above stated, nor the provisions of Sec. 209 of Art. 81, preclude it from offering as a defense in this case the failure of a valid "levy".

Of course, there is a difference between an assessment and a levy. A strict meaning of an assessment is an official estimate of the sums that are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. However, it is more commonly employed to mean that it consists of the two processes of listing the persons, property, etc., to be taxed, and of estimating the sums that are to be the guide in an apportionment of the tax between them. *Consol. Gas Co. v. Baltimore City*, 101 Md. 541, 558. A levy, on the other hand, is the imposition of the tax itself. It "* * * is a legislative function, and includes a determination that the tax shall be imposed, and also the ascertainment of the amount necessary or desirable to be raised, the amount or rate to be imposed, and the subjects or persons to contribute to the tax." *Black's Law Dictionary*, p. 1093. The assessment and the levy are separate and distinct elements of the taxing process. Sections 251-255 of Article 81, above referred to, are the statutes that provide for an appeal to the Commission. The word "levy" is not to be found therein, while the term "assessment" is used many times. We, therefore, conclude appellant is not precluded by this Court's previous decisions or the provisions of Sec. 209 from offering as a defense the invalidity, or lack, of a levy or

the invalidity or unconstitutionality of Sec. 22-2 of the Montgomery County Code for failure to appeal his assessment to the Commission.

Appellant has four contentions with reference to said Sec. 22-2, claiming each one renders it invalid: (1) that the phrase "State and County purposes" is indivisible and not separable and therefore the tax rate levied is in error, not being three-fourths of the combined State and County rate; (2) that the statute is in conflict with Sec. 22-4 of the Montgomery County Code of 1950; (3) that the statute is not self-executing and makes no provision for a levy, other than the one annual levy for the entire fiscal year, and the tax is thus invalid for want of a separate levy; and (4) that the tax rate fixed by the statute ("three-fourths of the regular rate levied for State and County purposes for said year") would contravene Article 15 of the Declaration of Rights because the tax levied would not be uniform, since such a rate is not imposed upon improvements taxed for County purposes on the basis of an assessment made during the regular assessment period.

At this point, it may be well to note that laws for the assessment and collection of general taxes are to be construed with extreme liberality, *Turpin v. Lemon,* 187 U. S. 51, 58; that the construction is not to be a critical one for the purpose of defeating the enactment, but a liberal interpretation so as to give it effect, if possible, *Monticello Co. v. Baltimore City,* 90 Md. 416; *Am. Coal Co. v. County Com'rs,* 59 Md. 185; and the cardinal rule in construing and interpreting a statute is to discover and carry out the real legislative intention. *McKeon v. State,* 211 Md. 437.

We shall now consider appellant's contentions *seriatim.* In regard to (1), which will not be repeated here, Sec. 3 of the law that enacted Sec. 22-2 states: "* * * That if any section, or *part* of any section, of this Act shall be held invalid, such invalidity shall not affect the validity of the remaining parts or sections of this Act, * * *. If any provision of this Act or the application thereof to any person or *circumstance* is held invalid, the remainder of the Act and application of such provision to other persons or circumstances shall not be affected thereby." (Emphasis supplied). This is known as a

saving clause and is broad and carefully worded so as to manifest a clear intention on the part of the legislature that if any part of the Act be declared invalid, it would have enacted the remaining parts without those declared to be invalid. We think that the portion of Sec. 22-2 that requires improvements which become substantially completed between July 1st and September 30th in every year to be "subject to taxation in said year at three-fourths of the regular rate levied for state * * * purposes for said year" violates Article 15 of the Declaration of Rights. This is so because the statute does not apply to the entire State; consequently, if the improvements in Montgomery County that are completed as above mentioned are taxed for State purposes and similar improvements in the rest of the State are not, the tax would fail to be uniform and would discriminate against the property owners in Montgomery County. In fact, it was so held in a Circuit Court decision in that County in 1952, and since said decision, the tax has only been collected on three-fourths of the county rate. We think, however, this portion is clearly severable from the remainder of the Act. *Fidelity & Guaranty Fire Corp. v. State Tax Comm.,* 172 Md. 652, 661; *Tax Comm. v. Balto. Nat. Bk.,* 174 Md. 403, 406; 82 *C. J. S., Statutes,* p. 161. This part may be eliminated and the legislative intention easily carried out. The statute was enacted as local legislation for Montgomery County to meet a vital public need. The mass movement of population into the County has forced upon the municipal authorities hard tasks to meet the ever increasing needs for roads, storm drainage, schools, additional police protection, etc. We, therefore, hold that the provisions of Section 22-2 that require the collection of taxes at three-fourths of the rate levied for State purposes is unconstitutional, but this does not render the other portions thereof invalid.

With reference to (2), the appellant makes two objections, neither of which do we consider sustainable. Sec. 22-4, which will not be set forth verbatim, provides that as soon as practicable after the passage of the appropriation resolution by the council, and after the ascertainment of the assessed valuation of property for taxation, but not later than June 30th of each year, the council shall levy upon all of the taxable prop-

erty of the county such a rate of tax as shall be determined by the council to provide a balanced budget for the ensuing fiscal year. Appellant contends that if sufficient tax is levied at this time to create a balanced budget, any taxes collected under Sec. 22-2 would be over and above that of a balanced budget, and the assessment must precede the annual levy. Statutes that relate to the same subject matter must be construed together, and the purposes of the legislature carried out, if possible. From a practical point of view, with a budget that runs into many millions of dollars, it is impossible to set the rate of taxation to raise the exact amount of money necessary for the county's needs, and the legislature did not intend to require this. It intended that the council should raise sufficient funds to have a balanced budget, and, at the same time, create no unreasonable surplus. We find no such conflict, as contended by the appellant in this regard, that prevents the two statutes from being given their full effect so as to accomplish their intended purposes. With regard to the argument the assessment must precede the levy, there is no absolute requirement that the legislature must provide for an assessment of all of the property subject to taxation before the levy, although this is generally done for practical purposes and convenience. There can be no doubt the legislature has a right to make the levy for a tax itself, which we think it did in this case. *Union Trust Co. v. State,* 116 Md. 368, 373, 374. As was said in that case, "Nor can the fact, as in this case, that the Legislature has made the levy itself be a ground of objection. Such a power is distinctly within the province of the Legislature, and the fact that it may be delegated, either in whole or in part, does not destroy the validity of the act, but such delegation may be, and sometimes is, made because the power can in such manner be more conveniently exercised; *State v. Mayhew,* 2 Gill, 490". In making a levy, the legislature must not violate any constitutional provisions, but, in general, the manner in which the power of making a levy is exercised is one for legislative judgment and discretion, 84 *C. J. S., Taxation,* p. 680; and when made by the legislature itself, as was done in this case, unless otherwise provided by constitutional prohibitions, it is not required

to precede in order anything except the collection of the tax. *Ibid.*, p. 691; *Constantin Refining Co. v. Day* (La.), 85 So. 613; *Commonwealth v. Chesapeake, O. & S. R. Co.* (Ky.), 133 S. W. 559. In this last case, the Court said, "It (the levy) is not required to precede in order anything except the collection of the tax. The liability to be discharged by the tax may have been incurred, or only contemplated; the assessment which is to say the ascertainment of the property to be taxed, its ownership and value, may precede or follow the levy ordinance; all must concur, yet they need not occur in any particular precedence". Cf. *State Highway Comm. v. Coleman* (Ky.), 33 S. W. 2d 318; *Prince George County v. Atlantic, M. & O. R. R. Co.* (Va.), 12 S. E. 667; *Shotwell v. Moore,* 129 U. S. 590, 598; *Board v. Tate* (Miss.), 29 So. 74. See also the opinion of Judge Hammond of this Court who ruled when Attorney General of the State of Maryland that said Sec. 22-2 and a similar statute applicable to Prince George's County (at present, there is a similar one for Baltimore County) establish special dates of finality for improvements which become substantially completed during the taxable year, and there was no inconsistency between them and Sec. 14 of Art. 81 of the Code (1939) as repealed and re-enacted by Ch. 616 of the Laws of 1951; that under said Sec. 22-2 assessments upon improvements which become substantially completed between July 1st and September 30th become final on September 30th; and that taxes on such improvements are levied as of that date. 37 Op. of the Attorney General 368, 369.

With regard to (3), we think the statute is self-executing. Judge Cooley in his widely quoted work, *Cooley's Constitutional Limitations* (8th Ed.), at page 167, lays down a generally accepted rule on self-executing constitutional provisions, which, likewise, should be applicable to statutes: "A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, *or the duty imposed may be enforced; * * *".* (Emphasis supplied). In this case, Sec. 22-2 provides "* * * such improvements shall be subject to taxation in said year at three-fourths of the regular rate levied for

* * * County purposes for said year * * *." This directly and specifically says that such improvements *shall* be subject to taxation and sets the amount of the tax in definite and certain terms. If the council were required to make an additional levy, it would have no discretion or judgment to exercise— it would simply be doing a useless and meaningless ministerial act. As stated in *Union Trust Co. v. State, supra:* "The Act of 1906, * * * in terms fixed the amount per hundred dollars to be imposed by way of tax. This of itself constituted a legislative levy of the tax, * * *." (Cf. The Op. of the Attorney General, *supra,* wherein is stated: "* * * taxes on such improvements are levied as of that date.") This being so, we think the present case comes well within the above quotation from Judge Cooley in that it supplies a sufficient rule by means of which the duty imposed may be enforced. This holding simply means the improvements were subject to taxation at three-fourths of the regular rate levied for county purposes for that year.

This brings us to appellant's last contention, (4). It has been answered in our ruling on (1). Appellant's only claim that Sec. 22-2 violates Article 15 of the Declaration of Rights was, as stated above, that if improvements, substantially completed as of September 30th in each year, were taxed at a rate of three-fourths of the *State* and *County* levies, such improvements would be subjected to a greater tax, for the same period of time, than those required to pay only at the rate of the County levy. In our ruling above on (1), we agreed with this claim, if that portion of the statute had not been severable. However, as we have held that part was separable, this contention needs no further answer.

We, therefore, hold the ruling of the trial court in granting the summary judgment was correct.

*Judgment affirmed, with costs.*