# BOARD OF COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY *v.* MAURICE SNYDER

[No. 114, October Term, 1945.]

*Decided April 12, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Benjamin Michaelson* for the appellant.

*Louis M. Strauss* and *Ernest Fadum* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Anne Arundel County, in equity, dated September 13, 1945, directing that a mandatory injunction issue, commanding the appellants to issue a building permit to the appellee, for the erection of a show room, office, lounge and store room upon his property, on Solomon's Island Road, at the South River Bridge, for the display and sale of factory-built motor boats. It appears from the testimony in the case that he also contemplated the construction of a dock and repairshop at a future date. The appellee obtained title to a tract of land at this location, containing 17⅕ acres, by deed dated September 7, 1944;

he had plans prepared by an architect and spent several thousand dollars in grading and landscaping the land in preparation for the erection of improvements. On November 17, 1944, he applied for a building permit, as required by chapter 414 of the Acts of 1937, and filed therewith the plans and specifications of the proposed building. This application was supplemental to one filed on his behalf by a contractor on October 2, 1944. The Board of County Commissioners, on December 5, 1944, refused the application on the ground that the proposed use was in violation of certain zoning regulations adopted by the Board on November 28, 1944, under the authority of chapter 551 of the Acts of 1943.

On January 3, 1945, the appellee filed an appeal to the Circuit Court for Anne Arundel County to review the action of the County Commissioners in refusing to issue the permit. After answer and hearing, the court, on April 6, 1947, ruled that the appeal must be dismissed, because not taken within thirty days from the adoption of the zoning regulations on November 28, 1944, and that no appeal would lie from the action of the Board on December 5, 1944 in refusing the application. The court suggested, however, that relief might be sought by mandamus or bill in equity.

On April 23, 1945, the appellee filed a bill for mandatory injunction; upon answer and testimony taken and hearing, the court granted the relief prayed, on the ground that the regulations adopted by the Board on November 28, 1944 were invalid.

The proposal to zone the land of the appellee was first made to the County Commissioners on September 26, 1944, when certain residents of Edgewater Beach became aware of the proposed use and protested the issuance of any building permit to the appellee. Edgewater Beach and Edgewater Beach, Shady Section, are communities on the south side of the South River platted and developed as residential areas, and adjacent to the appellee's land on the west. The land of the appellee is adjacent to the South River Bridge and Solomon's Island Road on

the east, and is separated from Edgewater Beach only by a road. A new plat drawn by the County Engineer included this land, as well as certain farm land adjacent to both tracts to the south. The regulations adopted for this whole area, including the land of the appellee, are as follows:

"1. The area within the prescribed residential and agricultural farming zone shall be utilized for private residences and farming properties only.

"2. No mercantile, manufacturing or trade activities are to be permitted within the zone except that which is necessary for the purpose of the sale of farm products or the clearing and developing of the land for building purposes as prescribed in paragraph 1.

"3. Private residences or farms may be rented to individuals or tenants at the discretion of the owners of said properties."

It is conceded that the proposed building, as shown in the plans and specifications, complies in every respect with the requirements of the local building code regulating the construction of buildings under the authority of chapter 414 of the Acts of 1937. It is further conceded that nothing in that code would justify a refusal of the application; the refusal can only be supported by reason of the zoning regulations adopted pursuant to chapter 551 of the Acts of 1943. In a case decided this day, *Commissioners v. Ward,* 186 Md., 46 A. 2d 684, we have had occasion to sustain the constitutional validity of that Act. The questions here presented are (1) the validity of the regulations, and (2) the right of the County Commissioners to deny the application under the circumstances of this case.

The whole purpose of the regulations is to exclude mercantile, manufacturing and trade activities from the area, and to permit therein only residential and farming activities. There is no provision for non-conforming uses, but it does not appear that there are any such uses in existence. A regulation, otherwise reasonable and proper, is not to be condemned because of its simplicity.

We find nothing in the circumstances that would render the plan invalid because not comprehensive within the area zoned. Considerable testimony was taken before the County Commissioners, and in court, bearing upon the effect of the proposed use upon the established residential communities, in regard to pollution, interference with bathing, increase of traffic upon the bridge and interruption of traffic by the opening of the bridge to permit the passage of power boats. The appellee admitted that his plan was to construct a marine railway and service department, in connection with his show room, with slips for some thirty craft, upon the river front at the upstream side of the bridge. There is no commercial business on that side of the river, except a wharf on the downstream side of the bridge, where a Captain Gemme rents row-boats, and sells gasoline and serves meals. There was testimony to the effect that the whole tract owned by the appellee was suitable for residential purposes, although the appellee testified that "you would not possibly get enough lots out of it to take care of $25,000 investment." The tract in question is "all woods." We cannot say that the restriction to residential use is arbitrary and unreasonable; at most the question seems "fairly debatable." *Zahn v. Board of Public Works,* 274 U. S. 325, 71 L. Ed. 1074.

Zoning plans are usually drawn so as to have only a prospective effect. Courts have generally recognized the presumption that legislative enactments are to be applied prospectively; some courts have held that zoning ordinances that have the effect of prohibiting established and existing businesses are unreasonable and unconstitutional. *Adams v. Kalamazoo Ice Co.,* 245 Mich. 261, 222 N. W. 86; *Jones v. City of Los Angeles,* 1940, 211 Cal. 304, 295 P. 14. Compare *Inspector of Buildings For Town of Watertown v. Nelson,* 1926, 257 Mass. 346, 153 N. E. 798. In *Dal Maso v. Board of County Commissioners,* 182 Md. 200, 206, 34 A. 2d 464, 467, this court said: "When a zoning board defines or prescribes the character and nature of the buildings which may be made or erected in

a given area, its effect is all in the future; its plan is a guide to those who may erect buildings and the uses and businesses to which they may be devoted; its activities are legislative within the limits of the delegation of power conferred." See also *Chayt v. Board of Zoning Appeals,* 177 Md. 426, 9 A. 2d 747; *Beyer v. Mayor and City Council of Baltimore,* 182 Md. 444, 446, 34 A. 2d 765.

But it does not follow that the proposed business in the case at bar was established or existing. No permit was issued, and if it had been, it would have conferred no vested right, nor would it have created an estoppel. *Fitzgerald v. Merard Holding Co.,* 110 Conn. 130, 147 A. 513; *Geneva Inv. Co. v. City of St. Louis,* 88 Cir., 87 F. 2d 83.

A mere intention to use is not enough to establish a non-conforming use (*Chayt v. Board of Zoning Appeals, supra; Beyer v. Mayor and City Council of Baltimore, supra*), even if the preservation of all existing uses were required, a point which we do not now decide. At the time when final action was taken on the application, and at the time the bill in equity was filed, the use regulations had been duly adopted and were in full force and effect. Upon the record before us we hold that there is no sufficient showing of illegality to warrant the issuance of a mandatory injunction.

We have considered this case and the preceding one upon their merits, but it seems appropriate to express our views upon the question whether, in either case, there is ground for intervention by the extraordinary remedies of mandamus or injunction. The enabling Act, Chapter 151 of the Acts of 1943, invests the County Commissioners with administrative as well as legislative authority. It provides in Section 519 that any person "aggrieved by any decision of the County Commissioners * * * may, within thirty days after the filing of such decision in the office of the County Commissioners, appeal to the Circuit Court for Anne Arundel County." No further appeal to this court is authorized.

We perceive no reason why the statutory right of appeal should be limited to a determination of a legislative,

rather than an administrative, question. "Any decision" would seem to include a determination in either capacity. Where a statutory right of appeal is granted, that remedy is exclusive. *Stark v. State Board of Registration,* 179 Md. 276, 283, 19 A. 2d 716; *Applestein v. Osborne,* 156 Md. 40, 143 A. 666. Since no appeal to this court is provided, none can be implied. *Sugar v. North Baltimore Methodist Protestant Church,* 164 Md. 487, 498, 165 A. 703, and cases there cited.

*Order reversed and bill dismissed, with costs.*