FRANCIS ET UX *v.* MACGILL ET AL.

[No. 209, October Term, 1949.]

78

*Decided July 19, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON and HENDERSON, JJ.

*James J. Francis,* in proper person, for the appellants.

*Charles E. Hogg* and *W. Henry Forsythe, Jr.,* for the appellees.

GRASON, J., delivered the opinion of the Court.

On July 2, 1945, James J. Francis and Mildred S. Francis, his wife, purchased from Arthur M. Lucas and Edna Lucas, his wife, a parcel of land containing about three and one-quarter acres, situate in the Sixth Election District of Howard County, Maryland, the same being located on the east side of the Laurel-Highland Road, about 1750 feet south-east of the intersection of the Columbia Road and the Laurel-Highland Road; the frontage of this property on the latter road is three hundred and seventy-three feet. In September of that year Francis and his wife obtained a building permit from the County Commissioners of Howard County, which authorized them to construct a machine shop on this property, and in accordance therewith they erected on said property

a one-story building 24 feet by 60 feet, to be used as a machine shop. Upon completion of this building they engaged in the manufacture of cinder blocks, which venture was unsuccessful and discontinued, and the property has since, from time to time, been rented for the purpose of carrying on a business of light manufacturing.

Zoning regulations were adopted by the County Commissioners of Howard County on July 27, 1948, in accordance with the Act of the General Assembly of Maryland, passed at its Extraordinary Session 1948, Chapter 19. Section 360 of that Act is as follows:

"For the purpose of promoting health, safety, morals and general welfare, to alleviate traffic congestion, to facilitate the safe flow of traffic, to protect highways from the encroachment of advertising structures and buildings, to preserve the scenic beauty of Howard County and to promote the orderly growth of said County in the interest of all its inhabitants, the County Commissioners of Howard County are hereby empowered to designate Zoning Districts within the bounds of said County, regulate the use, height, area and type of construction of buildings and the use of land. Such regulations shall be made in accordance with a comprehensive plan.

"The County Commissioners of Howard County may designate within the County certain Districts of such number, shape and area as may be deemed best suited to carry out the purposes of this sub-title, and within such Districts they may, by appropriate regulations, restrict, control, limit or regulate the erection, alteration, repair and use of buildings and the use of land and regulate the number of families which may be housed per acre of land. All such regulations shall be uniform for each class or kind of building or structure throughout each District, but the regulations in one District may differ from those in other Districts."

Prior to the adoption of the Zoning Regulations by the County Commissioners of Howard County, they advertised the proposed regulations, in accordance with the

Act, and public hearings were held thereon. James J. Francis attended these meetings and submitted to the Commissioners, in writing, his reasons why his property referred to should not be zoned "residential" and should be zoned "commercial". These suggestions were rejected by the Commissioners.

On July 6, 1948, Francis secured a building permit from the County Commissioners to construct on said property a 17 by 41 foot building, to be used as a machine shop for light manufacturing. In the appellants' brief it is stated: "At this time, (July 6, 1948) proposed Zoning Regulations for Howard County were under consideration, and this fact was known by Appellants * * *." After the adoption of zoning regulations for Howard County, the appellants proceeded to erect the building under the permit of July 6, 1948. The appellants did some grading, dug footing trenches, drilled a well between the original building and the proposed second building, caused to be brought to the original building on the property, electric current of high voltage, and allocated the costs of the well and the installation of the electricity to the two buildings. They were delayed in the construction of the new building, because they did not obtain a loan of $800.00 until February, 1949, when they immediately started to erect this building. James MacGill, the Zoning Commissioner, while passing this property, saw that the second building was under construction. The appellant, James J. Francis, was notified by MacGill to come to his office in Ellicott City to discuss the matter. He accordingly appeared on March 19th. On March 23rd he was notified by the Zoning Commissioner to discontinue further construction of the building, under the building permit dated July 6, 1948, remove all construction under the permit, and discontinue the use of the land for any purpose other than residential usage. Appellants then filed their bill in this case against James MacGill, Zoning Commissioner of Howard County, and the County Commissioners of said County (appellees), in the Circuit Court for Howard County, in Equity,

to which bill a demurrer was sustained; and amended bill filed, which prayed that the appellees be enjoined from interfering with the appellants in the erection of the building aforesaid, and from the use of it and their property for commercial usage. To the amended bill an answer was filed, testimony taken in court, the parties heard, and the chancellor, after filing an opinion which thoroughly discussed the law and the evidence, passed a decree which dismissed the bill. From that decree the case comes here on appeal.

It is not contended that the Enabling Act passed at the 1948 Special Session, Chapter 19, is unconstitutional, nor that the Zoning Regulations adopted by the County Commissioners pursuant thereto are unconstitutional, but that the Zoning Regulations, as applied to appellants' property, are "so arbitrary, unreasonable and oppressive as to confiscate their property without due process of law".

The small village of Scaggsville is situated around the intersection of the Columbia Road and the Laurel-Highland Road. The area from the northeast and southeast corners formed by the intersection of those roads, for a distance of 450 feet south-easterly from each corner, was zoned "commercial" in July, 1948. Before the adoption of the Zoning Regulations, at Scaggsville there was a store and filling station, which was affected with a non-conforming use. After the adoption of the Regulations, the business theretofore conducted in these properties continued, and the business conducted at the building erected on appellants' property prior to the adoption of the Zoning Regulations continued, and it is affected by a non-conforming use. The appellants' property is 1750 feet from the northeast corner of this intersection, and is zoned "residential". In other words, the appellants' property is 1300 feet within the residential zone. It is claimed that the adoption of this line by the Commissioners, as set up in the Zoning Regulations, is unreasonable, arbitrary and capricious, as applied to appellants' property, and hence unconstitutional. The law presumes

that the Zoning Regulations were fairly and justly framed, and that their provisions apply equally to all properties similarly situated. Manifestly the Commissioners, in framing the Regulations, were required to determine where a commercial area or zone terminated and where a residential area commenced. This was a question that required the Commissioners to carefully and thoroughly study, and to exercise their best discretion in determining where the line should be drawn.

"Lines between use districts must be drawn somewhere." *Northwest Merchants Terminal v. O'Rourke,* 191 Md. 171, 60 A. 2d 743, at page 751 (a case that differed widely on the facts from the case at bar).

We cannot say, from the evidence in the case at bar, that the action of the Commissioners, in drawing the line where they did, was unreasonable, arbitrary and capricious. If where they drew the division line in this case is fairly debatable, their action must be sustained. *Zahn v. Board of Public Works,* 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074; *Board of County Com'rs of Anne Arundel County v. Snyder,* 186 Md. 342, 346, 46 A. 2d 689.

It is urged that the expenses incurred by the appellants in preparing this property for the erection of the building under the building permit issued on July 6, 1948, and the money spent in partially erecting the building after the Zoning Regulations became effective, affected the building and the property with a non-conforming use, and to refuse such use deprived them of their property without due process of law. It is said that the Act of 1939, Chapter 270, as amended by the Act of 1947, Chapter 754, gave them the right to use their property irrespective of the Zoning Regulations. But the Act referred to did not involve zoning. Its purpose was to keep track of new buildings or of additions to other buildings for the purpose of turning this information over to tax assessors, to the end that such properties would be assessed. Section 2 of Chapter 19, Special Session 1948, provides: "And be it further enacted, That all Acts and

parts of Acts inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency."

It is idle to say that the issuance of the building permit created a vested right that would render inoperative the Zoning Regulations.

"Adoption of zoning ordinance *ipso facto* revokes permit for construction of building violating zoning restrictions, where no construction has been begun." *Rice v.Van Vranken,* 225 App. Div. 179, 232 N. Y. S. 506.

The appellants started to erect this building in 1949. They completely ignored the Zoning Regulations, and they were engaged in an unlawful act. No question of a non-conforming use, nor deprivation of property without due process of law can arise from an unlawful act. The small amount spent on this property before 1949 did not affect it with a non-conforming use. *Anne Arundel County v. Snyder, supra,* 186 Md. at page 347, 46 A. 2d 689; *Kahl v. Consolidated Electric Light & Power Co.,* 191 Md. 249, 60 A. 2d 754; *Rice v. Van Vranken, supra; Bogley v. Barber,* 194 Md. 632, 639, 72 A. 2d 17, 20.

We have considered the authorities cited by the appellants, but under the facts of this case we cannot follow them. We conclude that the appellants deliberately violated the Zoning Regulations, and whatever consequence follows to them is the result of their own unlawful action.

*Decree affirmed, with costs.*