ZANG & SONS, BUILDERS, INC. ET AL. *v.*
TAYLOR ET AL.

[No. 72, October Term, 1953.]

*Decided February 10, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*William J. McWilliams* and *Marvin I. Anderson,* with whom were *McWilliams, Evans & Melvin* on the brief, for the appellants.

*John H. Hopkins, IV,* and *Louis M. Strauss* for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Anne Arundel County declaring a zoning resolution of the Board of County Commissioners, (the Commissioners), null and void insofar as the property of the appellant, Zang & Sons, Builders, Inc., (Zang), was concerned.

Zang was the owner of a tract of land, consisting of from thirty-five to forty acres, in the First District of Anne Arundel County, a few miles below the South River bridge. It lies within a triangle formed by three highways. The land immediately within each of the three angles of the triangle is zoned "Heavy Commercial". The property, consisting of 13.26 acres, within the triangle sought to be rezoned, is bounded on the north and south by State highways, on the east by land zoned "Heavy Commercial", and on the west by other lands of the appellant zoned "Cottage Residential". It was pointed out by the chancellor that the property in said First Election District was first zoned on June 6, 1950. At that time, the County was operating under Chapter 388 of the Acts of 1947 and Chapter 426 of the Acts of 1949. The property in question, together with other property of said owner, containing altogether some thirty-five to forty acres, with a frontage of about seven hundred feet on Mayo Road, about eighteen hundred feet on Solomons Island Road, and about the same on Central Avenue, was zoned "Agricultural". On January 3, 1952, the Commissioners adopted a resolution placing said County under the provisions of Article 66B, sections 10 to 37, both inclusive, of the Code of Public General Laws of 1951, with a Planning and Zoning Commission and a Board of Appeals, and providing for the establishing of a new zoning plan for the County. This new zoning plan became effective July 1, 1952.

The appellant, on June 26, 1952, four days before the new comprehensive zoning plan became effective,

petitioned the Commissioners to rezone its entire property in the aforesaid triangle, including the 13.26 acres here sought again to be rezoned, from "Agricultural" to "Cottage Residential". On September 30, 1952, the Commissioners adopted the following resolution:

"WHEREAS, conditions in the below described area have changed since the adoption of the Zoning Ordinance for Anne Arundel County on July 1, 1952, now requiring residential lots instead of an agricultural area, and

WHEREAS, the Cottage Residential District is more appropriate for urban-type lots than the Agricultural District, and

WHEREAS, there is a need for subdivisions of urban-type lots in Anne Arundel County,

NOW, THEREFORE, BE IT RESOLVED, this 30th day of September, 1952, by the Board of County Commissioners of Anne Arundel County, Maryland, that after due consideration and after hearing the report of the Planning and Zoning Commission approving the change, said change having been advertised as required by law, the Board hereby approves the change in zoning from an Agricultural to a Cottage Type Residential Zoning District for the property * * *"

On December 18, 1952, Zang filed with the Planning and Zoning Board of Anne Arundel County another petition asking that 13.26 acres of its property, which had been rezoned three months before on September 30, 1952, from "Agricultural" to "Cottage Residential", to rezoned "Heavy Commercial" in order that it might be used as an "open air drive-in moving picture theatre with snack bar inside theatre". As a result of that application, the Planning Administrator on January 15, 1953, reported to the Commissioners that the Planning and Zoning Commission was of the opinion

"that additional commercial uses would be needed to serve the expanding residential population of the area. This would be an extension of an existing heavy commercial zone to the south and not the creation of a new commercial zone. The Commission believed that the problems of safety, traffic and health would be adequately handled in this location, as far as an outdoor theatre and snack bar were concerned."

After advertising and posting, the Commissioners held hearings on February 10, March 10, and March 17, 1953, on appellant's application, and on March 17, 1953, six months after the first rezoning, passed a resolution approving the rezoning of the 13.26 acres to a "Heavy Commercial" district, which resolution contained the following:

"WHEREAS the population in the vicinity of Annapolis, Parole, Edgewater Beach, Woodland Beach and other adjoining or nearby areas is rapidly increasing thus necessitating additional commercial uses to serve them and commercial zones to contain such commercial uses and

WHEREAS, the area petitioned as amended by the Planning and Zoning Commission, being an extension of an existing Heavy Commercial Zone practically adjoins a tavern to the north and a lumber yard to the west and vacant property to the south and east

WHEREAS there is a growing trend for outdoor theatres to be constructed in outlying areas where invalids or families with small children who might not otherwise be able to attend a theatre can enjoy these performances, and

WHEREAS it is believed that existing residential concentrations are far enough away so that they will not be adversely affected, and

WHEREAS it is believed that safety and traffic will not be particularly adversely affected due to the introduction of the new dual highway from Parole to the Crain Highway and eventually to Washington, which will handle most of the through traffic now using Solomons Island Road and Central Avenue, * * *"

As a result of this action by the Commissioners, the appellees, Lawrence Allen Taylor and Kathleen F. Taylor, his wife, and Arthur Crownover, Jr., and Helen M. Crownover, his wife, owners of residential property directly across the State highways from the rezoned tract and being taxpayers of Anne Arundel County, filed a bill of complaint alleging, for the purposes of this case, the following: the original zoning of appellant's property on June 6, 1950, as "Agricultural" and the rezoning on September 30, 1952, to "Cottage Residential"; the petition of December 18, 1952, to rezone to "Heavy Commercial"; the hearings before the Commissioners; the protests by the complainants and numerous other property owners; and the rezoning by the Commissioners to "Heavy Commercial". The Board of Appeals of Anne Arundel County was about to approve a special exception to the zoning regulations to permit the erection of an open air theatre and snack bar. The establishment of this theatre and snack bar in a "Cottage Residential" neighborhood would seriously depreciate the value of complainants' property; would tend to destroy the comfort, wellbeing and property rights of the owners of lots and homes in the aforesaid "Cottage Residential" neighborhood; and would impair and adversely affect the value and marketability of their properties. The action of the Commissioners was arbitrary, unreasonable and discriminatory without any substantial relation to the public health, safety, morals or general welfare. The topography of the property of the appellant was suitable for residential purposes. The addition of a "Heavy Commercial" section in the area zoned

as "Cottage Residential" is injurious and detrimental to the public health, safety and welfare and is unnecessary in that community.

After answer filed and a hearing in open court, the chancellor passed a decree declaring null and void the resolution changing the zoning from "Cottage Residential" to "Heavy Commercial" and issuing an injunction prohibiting the appellant from using its property for any use not classified "Cottage Residential". From that decree the appellant appeals.

There was considerable argument in this Court as to whether it was the duty of the appellant or the appellees to produce at the hearing before the chancellor a transcript of the testimony taken before the Commissioners. It is not necessary that we pass upon this point or remand the case for that transcript, because it is clear that Mr. Edward Heiselberg, the Planning Administrator for the County and who made the recommendation for the rezoning to "Heavy Commercial", was present at all the hearings before the Commissioners. He testified before the chancellor that there had been no substantial change, from a zoning standpoint, in the area in question here, since he had become the Planning Administrator in May, 1952.

In the case of *Wakefield v. Kraft,* 202 Md. 136, 141-142, it was said: "Where the legislative body of a municipality, under powers granted by the Legislature, has enacted a zoning ordinance, the Court's function in review is restricted and its scope is narrow. Such an ordinance, an exercise of the police power, enjoys a presumption in favor of its validity. One attacking it, to be successful, must show affirmatively and clearly that it is arbitrary, capricious, discriminatory or illegal. This presumption of reasonableness and constitutionality applies to rezoning as well as to original zoning, though not with as great force. *This is so because it is presumed that the original zoning was well planned, and designed to be permanent; it must appear, therefore, that either there was a mistake in the original zoning*

*or that the character of the neighborhood was changed to an extent which justifies the amendatory action. N. W. Merchants Term. v. O'Rourke,* 191 Md. 171, 191, 60 A. 2d 743; *Kracke v. Weinberg,* 197 Md. 339, 79 A. 2d 387, and *Kinney v. City of Joliet,* 411 Ill. 289, 103 N. E. 2d 473. The Court will not substitute its judgment for that of the legislative body if the question decided was fairly debatable. *Zahn v. Board of Public Works,* 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074; *Anne Arundel County v. Ward,* 186 Md. 330, 46 A. 2d 684, 165 A. L. R. 816; *Anne Arundel County v. Snyder,* 186 Md. 342, 46 A. 2d 689; *Francis v. MacGill,* 196 Md. 77, 75 A. 2d 91, 94; and *Hoffman v. Mayor & City Council of Baltimore,* 197 Md. 294, 79 A. 2d 367." (Italics supplied).

In *Northwest Merchants Terminal v. O'Rourke, supra,* 191 Md. 190-191, this Court pointed out that the purposes of the zoning law is, of course, to devote general areas or districts to selected uses. The whole value of zoning lies in the establishment of more or less permanent districts, well placed and arranged. It was said in that case: "The lower court in its opinion, and plaintiffs in this court, relied largely on *Anne Arundel County v. Snyder,* 186 Md. 342, 346, 347, 46 A. 2d 689, and cases there cited, as holding that (1) the presumption in favor of the reasonableness of a zoning regulation prevails if the question is 'fairly debatable' and (2) 'a mere intention to use is not enough to establish a non-conforming use'. No question of a non-conforming use is now presented, or would be material if the ordinance is invalid as against defendant. The presumption of reasonableness must be applied to the facts of the particular case. No doubt it applies to rezoning, as well as to original zoning in the Anne Arundel County cases, but not with the same weight. *Indeed it creates a counter-presumption that zones are 'well planned and arranged' and are to be 'more or less permanent', subject to change only to meet genuine change in conditions."* (Italics supplied). See also *Kracke v. Weinberg,* 197 Md. 339.

Assuming, as contended by the appellant, that when the original zoning was adopted on June 6, 1950, the areas being used for "Heavy Commercial" enterprises were zoned "Heavy Commercial"; existing developments were zoned "Residential"; and all other land was zoned "Agricultural", whether or not it was being used for agricultural purposes and that this original zoning as "Agricultural" was more or less perfunctory; we are faced with the proposition that on September 30, 1952, the property here was rezoned from "Agricultural" to "Cottage Residential". The rezoning to "Cottage Residential" created a presumption that it was well planned and arranged, and more or less permanent, subject to change only to meet genuine change in conditions. However, we find in this case that within a period of less than three months the appellant applied for another rezoning of part of this property to "Heavy Commercial", giving as its only reason that it desired to use the property for the purposes of operating an open air theatre and snack bar. It is not contended that there was any testimony before the Commissioners to show a change in conditions since the rezoning on September 30, 1952; that the population had increased; that the need for outdoor theatres was greater; and that there were more invalids and families with small children, than three months previously. It is inconceivable that such a change would take place within such a short period of time. In fact, at the hearing before the chancellor, the Planning Commissioner testified that there had been no substantial change in the neighborhood since May, 1952. The Planning Commissioner was present at all the hearings before the Commissioners. There is nothing here to show that the rezoning to "Cottage Residential" was error or mistake as in *Hoffman v. City of Baltimore,* 197 Md. 294, *supra.* The preamble to the resolution and the personal knowledge of the Commissioners could not be considered as evidence of change. The power of rezoning cannot be used "to favor". *Baltimore v. Byrd,* 191 Md. 632. The Courts review the

action, not the opinion, of the Commissioners. *Williams v. McCardell,* 198 Md. 320, 330. The reasonableness of such a resolution is to be determined by the facts from which the conclusion is drawn, rather than from the conclusion itself. *Strain v. Mims,* 123 Conn. 275, 193 A.754. *Baltimore v. Byrd, supra.* Had this property, with a "Heavy Commercial" district to the north, been originally rezoned from "Agricultural" to "Heavy Commercial", our decision might be different in this case. However, we cannot ignore a rezoning made six months previously. Finding there was no change in the character of the neighborhood after the area in dispute was rezoned "Cottage Residential", and no evidence of error or mistake in the rezoning to "Cottage Residential", we must conclude that the finding of the Chancellor was correct. The decree will be affirmed.

*Decree affirmed, with costs.*