## HAGERSTOWN KITCHENS, INC.

### v.

## BOARD OF COUNTY COMMISSIONERS OF WASHINGTON COUNTY, et al.

### Civ. No. Y-82-832.

United States District Court,
D. Maryland.

July 29, 1982.

---

Paul V. Jorgensen, Middletown, Md., for plaintiff.

Paul V. Niemeyer, and Thomas E. Plank, Baltimore, Md., for defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, Hagerstown Kitchens, renovated and expanded its facilities in 1976. Although the Washington County Department of Permits and Inspections ("Department") indicated at the time that a sprinkler system was probably required by the building code, it issued a permit that did not require a system. Four years later, the Department warned plaintiff that it must install sprinklers throughout its plant or discontinue its use.

When plaintiff appealed to the Board of County Commissioners of Washington County ("Board"), this order was rescinded, and Hagerstown Kitchens was allowed to

continue to operate, but certain conditions were set. Plaintiff strenuously objects to one of them, that a sprinkler system must be installed if the existing structure is in any way renovated, expanded or put to a different use.

Plaintiff appealed the Board's decision to the Circuit Court for Washington County, then moved to dismiss its appeal and filed the present complaint in the United States District Court for the District of Maryland seeking declaratory and monetary relief under 42 U.S.C. § 1983 and the due process clauses of the Vth and XIVth Amendments. Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), F.R. Civ.P.

Plaintiff alleges that the Board acted in a capricious and arbitrary manner by requiring a future installation of sprinklers. The complaint states that "it was a custom and common practice for officers of the defendant to grant building and use permits to commercial enterprises in Washington County, Maryland, and then later, after substantial reliance and expense incurred on the part of the permittees, to revoke permits and impair the use of private property."

■ In short, the defendant is charged with an unreasonable use of police power and disparate treatment in the exercise of that power. Nothing in the record supports the accusation of arbitrariness. Plaintiff does not demonstrate that its plant was treated differently than other facilities of comparable character. Mere conclusory allegations of disparate treatment will not create a claim for relief.

■ This Court has held that a plaintiff must show that governmental action caused him to suffer "grievous loss" of some kind to claim an unconstitutional violation of his property rights. *Caton Ridge Nursing Home, Inc. v. Califano,* 447 F.Supp. 1222 (D. Md. 1978). It is not enough that a governmental regulation deprives a property owner of the most profitable use of property or that the regulation causes a severe decline in the property value. Before a court can conclude that there has been an unconstitutional taking of property, the government regulation must deprive the landowner of all reasonable uses of his land. *United States v. Central Eureka Mining Company,* 357 U.S. 155, 78 S.Ct. 1097, 2 L.Ed.2d 1228 (1958); *Kent Island Joint Venture v. Smith,* 452 F.Supp. 455 (D. Md. 1978).

■ Again, the record fails to establish an actionable violation of property rights. Plaintiff is free to use its existing facilities; it can expand or renovate, provided that sprinklers are installed, as is uniformly required in all buildings of such character. Hagerstown Kitchens complains that it is now "impossible" to sell the facilities burdened by the Board's conditions. It is difficult to see in a safety measure any deprivation of property without due process. A purchaser would simply have to equip the plant with sprinklers. This requirement does not make the plant "unsaleable."

■ It is true that plaintiff may have relied on the Department's failure to pursue the matter for four years. However, it is clearly on notice that a sprinkler system was required. It cannot now take advantage of an administrative lapse to claim a right to a lawful non-conforming use. *Francis v. MacGill,* 75 A.2d 91, 196 Md. 77 (1950). Plaintiff relies on *United States v. County Board of Arlington County,* 487 F.Supp. 137 (D. Va. 1979) (suit against a defendant who had incurred substantial expenses in good faith was dismissed). However, that court specifically denied a motion to dismiss on laches or estoppel: "Laches, or neglect on the part of government officials is no defense to a suit to enforce a public right or protect a public interest." *supra,* 141.

■ Inherent in all building codes is the onus imposed on an owner for the sake of public safety. The requirement to which plaintiff is subject is of the sort that permeates all such restrictions and does not amount to a denial of due process. "The police power is one of the least limitable of governmental powers and in its operation often cuts down on property rights."

*Queenside Hills Co. v. Saxl,* 328 U.S. 80, 83, 66 S.Ct. 850, 851, 90 L.Ed. 1096 (1945). Buildings in which a large number of people gather, with the attendant dangers from fire, disease, traffic and noise, present a classic example of a situation in which the police power of the state may properly be used for the public protection. *Creative Country Day School of Sandy Springs, Inc. v. Montgomery County Board of Appeals,* 242 Md. 552, 219 A.2d 789 (1966).

■ It may be inferred from plaintiff's claim that it charges a procedural as well as a substantive lack of due process. It did have a full hearing before the Board, at which the admittedly harsh decision of the Department was rescinded. The requirement imposed on plaintiff is within the sphere of the County's police power and accompanied by sufficient procedural safeguards.

For the foregoing reasons, it is this 29th day of July, 1982, by the United States District Court for the District of Maryland, ORDERED:

That the defendants' motion to dismiss BE, and same IS, hereby GRANTED.